### STATE, Plaintiff, v. KEARNS et, Defendants.

Common Pleas Court, Franklin County.

Nos. 34976, 34979. Decided February 17, 1955.

150

Robert E. Albright, Justin L. Sillman, R. Rush Warren, Columbus, for the State.

James E. Britt, Milton L. Garber, John J. Chester, Columbus, for defendants.

## OPINION

By BARTLETT, J.

1. THE MOTION IS SUSTAINED. TO QUASH ALL THE COUNTS OF THE INDICTMENT IN EACH OF THE INSTANT CASES.

2. THE OMISSION IN EACH COUNT OF ANY AVERMENT OF THE MATERIAL ELEMENTS OF THE OFFICIAL CAPACITY OF FRANK H. KEARNS AS PROSECUTING ATTORNEY, AND HIS ALLEGED RECEIPT OF THE MONEY IN QUESTION BY VIRTUE OF HIS SAID OFFICE. ARE FATAL TO THE VALIDITY OF BOTH INDICTMENTS AND EACH COUNT THEREOF.

3. WHERE A VITAL AND MATERIAL ELEMENT IDENTIFYING AN OFFENSE HAS BEEN OMITTED FROM THE INDICTMENT. SUCH OMISSION CANNOT BE CURED BY AMENDMENT. SINCE THE CONSTITUTION OF OHIO REQUIRES SUCH INDICTMENTS FOR FELONIES SHALL BE RETURNED BY THE GRAND JURY.

4. THE RESUBMITTING OF THE INSTANT CASES TO THE GRAND JURY IS ORDERED HELD IN ABEYANCE UNTIL FURTHER ORDER OF THE COURT.

Each of the defendants has challenged the sufficiency of the indictments herein by motion to quash both indictments and each count thereof.

The indictment in case No. 34979 consists of eleven counts identical in form; and each count charges in general terms, without further particulars, that on or about a certain date Frank H. Kearns and Fred W. Selby did embezzle money belonging to Franklin County in a certain sum. The indictment in Case No. 34,976 consists of six counts in the same identical form as the counts in Case No. 34,979, except that Frank H. Kearns alone is named as the defendant.

The indictments were filed January 7th, 1955, and thereafter on January 10th, 1955. counsel for the state applied for and secured an order of the court. amending each count of both indictments, by adding thereto the averments in substance, that Frank H. Kearns was the duly elected and acting prosecuting attorney of said county, then and there charged with the receipt, safekeeping and disbursement of said public money, which then and there came into his possession by virtue of his office. under and by virtue of §325.12 R. C.; and in the one indictment, further added thereto, that Fred W Selby was the duly appointed and acting secret service officer

or county detective and employee of said prosecuting attorney, appointed by him in accordance with the law, and said Fred W. Selby then and there knowing the same was public money belonging to Franklin County, received said money by virtue of his office and employment.

"3. If any material element or ingredient of an offense, as defined by statute. is omitted from an indictment, such omission is fatal to the validity of the indictment.

"4. Secs. 13437-28 and 13437-29 GC, authorizing correction in the form or substance of an indictment, apply to an indictment which as drawn is sufficient to charge an offense, but they do not contemplate the making of a good indictment out of one which states no offense. There must be something effectual on which §§13437-28 and 13437-29 GC, can operate to render them available." **State v. Cimpritz, 158 Oh St 490.**

(Secs. 13437-28 and 13437-29 GC, have now become §§2941.29 and 2941.30 R. C.)

"4. While the court recognizes and will apply the liberal provisions of the Criminal Code (§13437-4 et seq, GC [now §2941.05 R. C.]) it will uphold the constitutional right of an accused to be advised in the indictment of the nature and cause of the accusation he is expected to meet. And if a vital and material element identifying or characterizing the offense be omitted from such indictment, the indictment is insufficient to charge an offense and cannot be cured by the court." **Syl. 4, Harris v. State, 125 Oh St 257**

"The indictment is insufficient to charge an offense and cannot be cured by amendment since a vital and material element identifying or characterizing the offense is omitted from such indictment * * *

"It follows that the court may not supply words essential to the description of an offense, without which no violation is charged." Per curiam opinion, **State v. Parker, 150 Oh St 22, 26.**

Embezzlement by a public officer is the fraudulent appropriation to his own use by such officer of something of value that has come into his possession by virtue of his office.

It is, therefore, necessary that every material element pertaining to the offense of embezzlement of public money, must be contained in each count of the two indictments under consideration. One of these material elements being that Frank H. Kearns at the time was the duly elected prosecuting attorney of Franklin County, and another such material element being that the money charged to have been embezzled. came into the possession of said Frank H. Kearns by virtue of his said office aforesaid. See instructions of Bigger, J., of this court, the verdict in which case was affirmed in the case of **State v. Baxter, 89 Oh St 269.**

There is an entire absence in each of the counts of the two indictments before us, of any reference to the official capacity of Frank H. Kearns, as well as the alleged receipt of the money in question by virtue of his said office. The same is also true of Fred W. Selby; but the Court considers the office of Mr. Kearns as the controlling factor in the instant case.

It is well established in Ohio, by the decisions of our Supreme Court heretofore cited, that the recital of the material elements as to the official capacity of Frank H. Kearns, and his alleged receipt of the money in question by virtue of his said office, having been omitted in these respective

counts. the two indictments before us are insufficient to charge the offense of embezzlement by said Frank H. Kearns and Fred W. Selby ot the public money mentioned in each of said counts; and cannot be cured by amendment since the Court may not supply the words essential to the description of such offenses in an indictment, which the Ohio Constitution requires shall be returned by a Grand Jury.

"If the facts stated in an indictment or information are insufficient to charge an offense, objection may be raised thereto before trial by motion to quash or demurrer, and, after verdict, by a motion in arrest of judgment " 21 O. Jur., Indictment and Information, Sec. 108, p. 808; State v. Cox. 11 N. P. (N. S.) 305; Stahl v. State, 11 C. C. 23, 34.

The Court, therefore, sustains the motions to quash the two indictments under consideration. and each and every count therein contained.

Sec. 2941.58 R. C., provides:

"When a motion to quash or plea in abatement is adjudged in favor of the accused, the trial court may order the case to be resubmitted to the grand jury, if then pending, or to the next succeeding grand jury."

The trial court feels, however, that the various complaints lodged against the defendants Kearns and Selby should not be considered by the grand jury in fragments, but that justice requires that if such complaints are to be resubmitted, the grand jury should have the opportunity to look into the entire matters involved in such complaints.

This trial court, therefore. orders that the cases involved in these two indictments ordered quashed, shall be held in abeyance until the further order of the Court, so that the objections as to the sufficiency of the other indictments pending against said defendants may be passed upon. before any order is made to resubmit such cases. to the grand jury.