The State of Ohio, Appellee, *v.* Ferguson, Appellant.

(No. 661—Decided November 17, 1967.)

*Mr. William E. Kessler*, prosecuting attorney, for appellee.

*Mr. Townsend Foster, Jr.*, for appellant.

KERNS, J. The Grand Jury of Miami County found by indictment that the defendant, Lowell Ferguson, appellant herein, "*did falsely alter or forge* a certain instrument purporting to be a check of the purport and value following: being Check No. 146 dated June 6, 1966, the personal check of Lowell Ferguson, 2525 North Main Street, Dayton, Ohio, payable to the order of Brubakers Market in the amount of fifty dollars ($50.00), written on Winters National Bank and Trust Company, Dayton, Ohio and signed by Lowell Ferguson, with intent to defraud," contrary to Section 2913.01 of the Revised Code.

Upon being brought before the Common Pleas Court pursuant to such indictment, the defendant entered a plea of not guilty and waived a trial by jury.

Thereupon, at the trial of the case before the court, the defendant stipulated that the check was written and uttered by him in Miami County.

At the end of the state's case, the defendant moved for a directed verdict on the ground that the indictment does not charge a violation of Section 2913.01, Revised Code, and the state moved to amend the indictment to read "Lowell Ferguson did falsely *make*, alter or forge a certain instrument * * *."

The trial court granted the motion to amend the indictment and overruled the defendant's motion for a directed verdict. Thereafter, the defendant was found guilty of forgery.

The initial question presented herein is whether the word "make" was indispensable to the indictment.

Section 2913.01, Revised Code, reads in part as follows:

"No person, with intent to defraud, shall falsely make, alter, forge, counterfeit, print, or photograph a * * *

check * * * or, with like intent, utter or publish as true and genuine such false * * * matter, knowing it to be false * * * ''

In the case of *State, ex rel. Bailey,* v. *Henderson,* 76 Ohio App. 547, it was held that "one who signs his own name to a check upon a bank in which he has no checking account and tenders the same for cashing is not by such act guilty of the offenses of forging a check and uttering a forged check."

In the subsequent case of *State* v. *Havens,* 91 Ohio App. 578, the court judicially noticed the *Bailey case* and acknowledged that it was in line with the weight of authority in the United States in concluding that under the common law and under statutes defining forgery in the substantial language of the common-law definitions the genuine making of an instrument for the purpose of defrauding does not constitute forgery. See 41 A. L. R. 229. However, the court disagreed with the conclusion reached in the *Bailey case* and held that a person is guilty of the false *making* of a check where the check is drawn upon a bank in which the maker has no funds, even though such person signs his own name to the check.

In the case of *In re Clemons,* 168 Ohio St. 83, the Supreme Court discussed the essential differences between the *Bailey case* and the *Havens case,* and in so doing quoted from the *Havens case* as follows, at page 87:

" 'No language is to be found in the section denouncing in explicit terms the false making or forging of another's signature. No such language was necessary, because the statute says "forges," which includes forgery in the limited sense of forging another's signature. But in addition to the word, "forges," the Legislature says, "falsely makes, alters, counterfeits, prints," etc. In construing the statute, regard must be had to the additional language employed.' "

In perusing the *Clemons* decision, it becomes apparent that the conclusion reached therein was based almost entirely upon the use of the word "make" in the Ohio statute. The syllabus in that case provides:

"The *making* of an instrument purporting to be a check, with intent to defraud, signed by the *maker* with his own name but drawn on a bank in which such *maker* has no 'checking account' constitutes the *false making* of a check and is 'forgery' as defined by Section 2913.01, Revised Code." (Emphasis ours.)

Hence, the indictment in the present case, which charges only that the defendant "did falsely alter or forge," a check is defective because this language alone does not bring the defendant within the descriptive terms of the applicable statute.

The remaining question is this case is whether the indictment was subject to amendment at the conclusion of the state's case. Section 2941.30, Revised Code, reads in part as follows:

"The court may at any time before, during, or after a trial amend the indictment, information, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *."

That statute was considered in the case of *State* v. *Cimpritz*, 158 Ohio St. 490, where the syllabus provides, in part, as follows:

"3. If any material element or ingredient of an offense, as defined by statute, is omitted from an indictment, such omission is fatal to the validity of the indictment.

"4. Sections 13437-28 and 13437-29, General Code, authorizing correction in the form or substance of an indictment, apply to an indictment which as drawn is sufficient to charge an offense, but they do not contemplate the making of a good indictment out of one which states no offense. There must be something effectual on which Sections 13437-28 and 13437-29, General Code, can operate to render them available."

"6 A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully at-

tacked either on direct appeal to a reviewing court or by a collateral proceeding."

The *Cimpritz case* refers to numerous other authorities which recognize that the curative provisions relied upon by the prosecution do not apply when a vital element identifying or characterizing the offense is omitted from an indictment. See *Harris* v. *State,* 125 Ohio St. 257; *State* v. *Parker,* 150 Ohio St. 22.

The case of *State* v. *Crimpritz,* 158 Ohio St. 490, was approved and followed in *State* v. *Wozniak,* 172 Ohio St. 517, where the syllabus provides, in part, as follows:

"3. Where, during the course of a trial and before submission to the jury, defendant's objection to an amendment of an indictment to supply an essential element of the crime sought to be charged and his motion to dismiss the indictment as charge of that crime are overruled and such amendment is authorized, a judgment of conviction for such crime must be reversed. * * *"

See, also, *State* v. *Presler,* 112 Ohio App. 437.

Accordingly, the judgment and sentence of the trial court must be reversed, and the cause remanded to that court for further proceedings in accordance herewith.

*Judgment reversed.*

CRAWFORD, P. J., and SHERER, J., concur.