CITY OF CLEVELAND HEIGHTS, APPELLEE, *v.* PERRYMAN, APPELLANT.

CITY OF CLEVELAND HEIGHTS, APPELLEE, *v.* EDWARDS, APPELLANT.

(Nos. 45103 and 45591—Decided February 24, 1983.)

*Mr. Warren Perl* and *Mr. Larry Sachs,* for appellee.

*Mr. J. Gary Seewald,* for appellant Richard Perryman.

*Mr. Thomas L. Jacobs,* for appellant Clifford P. Edwards.

MARKUS, J. Defendants appeal from their separate municipal court convictions, arguing that their traffic tickets failed to define the alleged violations sufficiently, and could have deprived them of notice and an adequate opportunity to prepare their defenses.[1] Additionally, defendants assert that the municipal court improperly allowed the city prosecutor to amend their traffic citations on the day of trial. While we agree with defendants' first proposition, we affirm the convictions, since the amendments were proper and no prejudice was demonstrated to either defendant by those amendments.

Perryman was charged by a Cleveland Heights police officer on the Uniform Traffic Ticket form with "D.W.I." in violation of Cleveland Heights Municipal Code Section 333.01(A). Prior to trial, Perryman's counsel filed a motion for discovery seeking any statements made by defendant, all exculpatory evidence known to the prosecutor, all documents and tangible objects in the prosecutor's possession, and all reports of examinations and tests. After the prosecutor supplied part of the requested material, Perryman's motion to compel discovery of the remaining data was granted on the day of his trial.

Immediately before trial, Perryman moved to dismiss the charges pursuant to Traf. R. 11(B)(1)(b),[2] contending that the ticket failed to state whether he was allegedly under the influence of alcohol or

---

[1] Each defendant was convicted of violating Cleveland Heights Municipal Code Section 333.01(A):

"No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall operate any vehicle within the Municipality."

Perryman was also charged with a defec-

tive headlight, but he was acquitted of that charge.

Edwards was also convicted of violating Cleveland Heights Municipal Code Section 513.03(A):

"No person shall knowingly obtain, possess, or use a controlled substance."

[2] Traf. R. 11(B)(1)(b) provides:

"Any defense, objection, or request which

drugs or both, so it failed to charge an offense with sufficient clarity. In response, the city requested that the complaint be amended pursuant to Crim. R. 7, so it would charge "driving while under the influence of alcohol" in violation of Municipal Code Section 333.01(A).

The trial court allowed the city's amendment and overruled Perryman's motion, because defendant was notified of the exact nature of the charge through discovery and by a letter sent seven weeks before trial which stated the charge as "driving while under the influence of alcohol."[3] Perryman's counsel claimed no surprise and requested no continuance. He was apparently ready to proceed with the trial immediately after those rulings. That trial ended in a jury verdict finding defendant guilty of the amended charge.

Edwards was cited for "D.W.I." and "possession of marijuana" in two separate tickets, but neither ticket made reference to any specific statute or ordinance. On the day scheduled for his trial, Edwards pled no contest to both charges, and the court accepted those pleas after the prosecutor recited his expected evidence. Edwards' counsel then moved to dismiss both charges on the ground that the complaints were defective in their failure to identify a statute or ordinance allegedly violated and the failure to specify whether the "D.W.I." involved alcohol or drugs or both. In response, the prosecutor requested that the charges be amended to allege "driving while under the influence of alcohol" in violation of Municipal Code Section 333.01(A), and "possession of marijuana" in violation of Municipal Code Section 513.03(A).

After a one-day recess to consider these motions, the trial court sent counsel notice that the city's motion to amend was sustained, defendant's motion to dismiss was overruled, and the case would be continued for twenty-seven days in order "to allow Defendant to prepare defense to amended complaint and for discovery." Apparently, Edwards made no request to withdraw his no contest plea, so he was found guilty on the new date scheduled for trial.

Each of the defendants asserts substantially the same two assignments of error. They are interrelated, so we will consider them together:

"I. The lower court erred in overruling defendant's motion to dismiss the complaint.

"II. The lower court erred in granting the prosecutor's motion to amend the complaint."

The Ohio Traffic Rules "shall be construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay." Traf. R. 1(B). It is not necessary that a traffic ticket contain every element of the offense charged, but "it must apprise a defendant of the nature of the charge *together with* a citation of the statute or ordinance violated." *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215, at 220 [9 O.O.3d 368] (emphasis *sic*). The ticket must contain sufficient language "to describe the offenses to bring it within the

---

is capable of determination without the trial of the general issue may be raised before plea or trial by motion.

"(1) The following defenses and objections must be raised before plea:

"* * *

"(b) Defenses and objections based on defects in the complaint other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding."

[3] This letter was not made part of the record, so we have some difficulty in confirming that Perryman had official notice of the precise charge against him.

purview of the ordinance allegedly violated." *Id.* at 221.

Accordingly, in *Solon* v. *Crapser* (March 3, 1977), Cuyahoga App. No. 35518, unreported, this court reversed the trial court's refusal to dismiss a ticket complaint which charged the defendant with "driving while under the influence in violation of 333.01(a) Cod. Ord. of Solon." The Solon ordinance, like the present Cleveland Heights ordinance, made it illegal to drive while under the influence of alcohol *or* any drug of abuse *or* both. Since the ticket did not specify which intoxicant allegedly influenced the defendant, the ticket did not state the charge with sufficient clarity. Accord *Youngstown* v. *Starks* (1982), 4 Ohio App. 3d 269; but, see, *State* v. *McKinney* (Oct. 21, 1981), Hamilton App. No. C-800922, unreported (initials "D.U.I." together with ordinance number sufficiently state an offense).

In the present cases, each ticket charged the defendant with "D.W.I.," without specifying whether the intoxicant was alcohol, drugs, or both. Edwards' tickets also failed to identify the applicable city ordinances for the two offenses charged. Therefore, each of the tickets was defective as originally issued. *Cleveland* v. *Austin, supra*; *Solon* v. *Crapser, supra*; *Youngstown* v. *Starks, supra*. Without amendments to correct their deficiencies, they were subject to dismissal on a timely motion by the defense.

The Ohio Traffic Rules make no specific provision for the amendment of a ticket complaint. However, they do direct that "the Rules of Criminal Procedure and the applicable law apply" whenever "no procedure is specifically prescribed by these [traffic] rules." Traf. R. 20. The rule governing amendments of a ticket complaint is thereby established as Crim. R. 7(D):

*"The court may at any time before, during, or after a trial amend the* indictment, information, *complaint* or bill of particulars, *in respect to any defect, imperfection, or omission in form or substance,* or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* If any amendment is made to the substance of the indictment, information or complaint, or to cure a variance between the indictment, information or complaint and the proof, the accused is entitled to a discharge of the jury on his motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. * * *" (Emphasis added.)

If any material element or ingredient of an offense is omitted from an indictment, the indictment does not charge an offense, and such a defective indictment cannot be converted into a valid charge by an amendment which adds the missing element. *State* v. *Cimpritz* (1953), 158 Ohio St. 490 [49 O.O. 418]; *State* v. *Wozniak* (1961), 172 Ohio St. 517 [18 O.O.2d 58]; *State* v. *Ferguson* (1967), 13 Ohio App. 2d 151 [42 O.O.2d 268]. But a defectively stated indictment can be amended to eliminate the defect, so long as it contains all the elements of the alleged offense and the amendment changes neither the name nor the identity of the crime charged. *State* v. *Owens* (1975), 51 Ohio App. 2d 132 [5 O.O.3d 290] (amendment changing the name of the alleged victim is permissible).

We believe that traffic ticket complaints should be amendable to cure defects more readily than felony indictments. A felony indictment cannot be judicially amended to cure fatal omissions, since the Ohio Constitution requires those charging documents to be the product of grand jury action. Section 10, Article I of the Ohio Constitution; *State* v.

*Kearns* (C.P. 1955), 70 Ohio Law Abs. 149; *State* v. *Presler* (1960), 112 Ohio App. 437 [16 O.O.2d 333]. However, a misdemeanor complaint can be issued by a prosecutor or a law enforcement officer without grand jury involvement. Crim. R. 3. Consequently, amendments of misdemeanor complaints should be allowed, if the defendant still has a reasonable opportunity to prepare his defense and the amendments simply clarify or amplify in a manner consistent with the original complaint.

Prior to the adoption of Crim. R. 7(D), which authorizes and controls procedure for amendments of all charging documents, some courts expressed concern about amending sworn complaints without the consent of the affiant. *E.g., Diebler* v. *State* (1932), 43 Ohio App. 350; *Toledo* v. *Harris* (1937), 56 Ohio App. 251 [9 O.O.3d 356]; *Ironton* v. *Bundy* (1954), 98 Ohio App. 416. However, with clear authority for judicial amendments of misdemeanor complaints in Crim. R. 7(D), the only restrictions on such amendments are those contained in Rule 7(D) and due process requirements for notice and an opportunity to prepare a defense.

Liberality in permitting amendments is particularly appropriate for traffic ticket complaints, since they are typically prepared by law enforcement officers who lack formal legal training, and since they are intended to provide a less formal means for the efficient disposition of alleged traffic offenses. Those same factors caused this court to rule that traffic ticket complaints are legally sufficient if they describe "the nature of the offense" and refer to the statute or ordinance allegedly violated, *even though the description fails to allege all of the essential elements of the offense charged. Cleveland* v. *Austin, supra.*

The omissions in the presently considered traffic ticket complaints made them subject to dismissal on motion. The tickets stated an offense in general terms, but they failed to satisfy clarity and completeness requirements. Cf. *Cleveland* v.

*Austin, supra* (requirement that ordinance number be included); *Solon* v. *Crapser, supra* (requirement that driving while intoxicated charge identify alleged intoxicant as drugs or alcohol or both); cf. *Sylvania* v. *Badger* (1978), 64 Ohio App. 2d 78 [18 O.O.3d 52] (complaint charging that defendant drove "without due regard for * * * safety" in violation of identified ordinance lacks necessary specificity). However, amendments which supply the missing particulars make no change "in the name or identity of the crime charged." Crim. R. 7(D). The defendants could not be forced to defend the complaints as filed because there were possible ambiguities in the charges asserted, but they certainly had notice of the nature of the offenses involved, so they cannot complain that such ambiguities were resolved by amendments unless the delayed clarification impaired their ability to prepare and defend.

Neither defense counsel objected to the prosecutor's proposed amendments on the ground that he would be deprived of sufficient time to prepare and defend against the amended compliants. Perryman's counsel argued that traffic ticket complaints can never be amended, and that the proposed amendment cured a fatally deficient complaint to create a charge where none had been asserted. We have already rejected both of those contentions. Perryman's counsel requested no continuance when the amendment was allowed and evidenced his readiness for trial. He cannot now claim he was prejudiced by the lack of additional time to prepare his defense. Cf. *State* v. *Morris* (1982), 8 Ohio App. 3d 12.

Edwards' counsel contended in the trial court that the complaint could not be amended after his client's no contest plea had been accepted, arguing that a no contest plea admits the facts in the charging document, so the charge cannot be later redrafted. While that contention has superficial appeal, it ignores the clear language of Crim. R. 7(D), which permits amendments "at any time before, during,

or after a trial." Certainly, an amendment of the charging document would be good cause to permit withdrawal of a no contest plea before sentence is imposed, and it might even provide circumstances where permission to withdraw the plea is necessary "to correct manifest injustice" after sentencing. See Crim. R. 32.1.

Edwards made no request to withdraw his plea during the twenty-seven days after the amendments were allowed and before the case was scheduled for trial or other proceedings. Nor did he make any request to withdraw that plea after he was found guilty by the court on the basis of that plea and before he was sentenced four weeks later. Indeed, the record does not indicate any request to withdraw that plea even after he was sentenced. It is apparent that he chose not to assert any defense beyond his counsel's formal attack on the ticket complaints and the amendments thereto. Having rejected the attack on the amendments, we conclude that Edwards was not prejudiced by amendments after his no contest plea, in the circumstances of this case.

Once the amendments were allowed, there was no reason to dismiss the complaints. Therefore, both assignments of error are overruled for each of the defendants, and their respective judgments of conviction are affirmed.

*Judgments affirmed.*

PATTON, C.J., and PARRINO, J., concur.