CITY OF TIFFIN, APPELLEE, *v.*
RUDEN, APPELLANT.

(No. 13-86-24—Decided
March 31, 1988.)

*John D. Hadacek,* city solicitor, for appellee.

*Richard A. Kahler,* for appellant.

SHAW, J. This is an appeal by the defendant-appellant, Donald W. Ruden, from a judgment of the Municipal Court of Tiffin, Ohio, finding him guilty of making an improper left turn.

The defendant's vehicle was stopped by Officer Michael Martien of the Tiffin Police Department after the defendant made a left turn from Ashwood Drive onto West Market Street in the city of Tiffin. According to Officer Martien's testimony at trial, West Market Street is a divided highway with five lanes of travel, two eastbound lanes, two westbound lanes, and a center lane reserved for turning. Ashwood Drive is a two-lane road that opens onto the westbound lanes of West Market Street.

At its intersection with West Market Street, Ashwood Drive is marked with a stop sign and two "no left turn" signs. The stop sign is on the right side of the street, with one of the "no left turn" signs beside it. The other "no left turn" sign is on the opposite side of the street.

The defendant entered a plea of "not guilty" to the charge of making an "improper left turn" in violation of Section 331.10(c) of the Tiffin Traffic Code. He appeared *pro se* before the municipal court, and was convicted of making an "improper left turn."

The defendant now appeals his conviction, asserting the following two assignments of error:

"I. The trial court erred in allowing the prosecution to amend the traffic ticket at trial following close of evidence and just before final argument.

"II. The finding, order, judgment and sentence are against the manifest weight of the evidence and contrary to law."

Because the defendant's assignments are closely related, they will be considered together.

Section 331.10 of the Tiffin Traffic Code states:

"The driver of a vehicle intending to turn at an intersection shall be governed by the following rules:

"(a) Approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.

"(b) At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn shall be made

in that portion of the intersection to the left of the center of the intersection.

"(c) At any intersection where traffic is restricted to one direction on one or more of the roadways, the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and after entering the intersection the left turn shall be made so as to leave the intersection, as nearly as practicable, in the left-hand lane of the roadway being entered lawfully available to the traffic moving in that lane.

"(d) Markers, buttons or signs may be placed within or adjacent to intersections and thereby require and direct that a different course from that specified in this section be traveled by vehicles turning at an intersection, and when such markers, buttons or signs are so placed, no operator of a vehicle shall turn such vehicle at an intersection other than as directed and required by such markers, buttons or signs. (ORC 4511.36)"

At trial, the defendant twice claimed that he was improperly charged under subsection (c) of section 331.10 of the Tiffin Traffic Code. In his opening statement, and in testimony following the completion of the state's case, he argued that since both West Market Street and Ashwood Drive are two-way streets, subsection (c) is inapplicable in that its introductory provision restricts the subsection's application to "* * * any intersection where traffic is restricted to one direction on one or more of the roadways * * *." Accordingly, he obtained the admission of photographs showing automobiles traveling in separate directions both on Ashwood Drive and West Market Street.

The municipal court never commented on the defendant's assertion that subsection (c) is inapplicable. In the state's closing argument, however, the prosecution made a motion to strike the subsection (c) designation from the complaint. The municipal court granted the state's motion, relying on the "* * * statute and latitude the prosecution is given to amend the citation * * *."

There is no provision in Ohio's Traffic Rules governing the amendment of ticket complaints. See *Cleveland Heights* v. *Perryman* (1983), 8 Ohio App. 3d 443, 8 OBR 567, 457 N.E. 2d 926. Traf. R. 20 provides, however, that "[i]f no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply." Accordingly, the amendment of ticket complaints is governed by Crim. R. 7(D).

Crim. R. 7(D) provides:

"* * * The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *"

We recognize the wisdom in "liberally" permitting the amendment of traffic ticket complaints. See *Cleveland Heights, supra,* at 446, 8 OBR at 571, 457 N.E. 2d at 930. Traffic citations are generally issued by police officers, not lawyers, and are to be both simple and uniform. See *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215, 218, 9 O.O. 3d 368, 370, 380 N.E. 2d 1357, 1361. Consequently, a traffic ticket complaint "* * * will satisfy legal requirements if it apprises the defendant of the nature of the charge *together* with a citation of the statute or ordinance involved." (Emphasis *sic.*) *Id.* at 220, 9 O.O. 3d at 371, 380 N.E. 2d at 1362.

However, in *Cleveland Heights, supra,* the Eighth District Court of Appeals held:

"* * * amendments of misdemeanor complaints should be allowed, if the defendant still has a reasonable opportunity to prepare his defense and the amendments simply clarify or amplify in a manner consistent with the original complaint." *Id.* at 446, 8 OBR at 571, 457 N.E. 2d at 930.

In the instant case, the motion to amend was not made until the prosecution's closing argument, after the presentation of both the prosecution's and the defendant's cases. Granting the prosecution's motion to amend at this time deprived the defendant of his "* * * reasonable opportunity to prepare his defense * * *." *Id.*

Moreover, the amendment did not "* * * clarify or amplify in a manner consistent with the original complaint." The amendment merely struck subsection (c), creating the possibility that the defendant was being charged under any one or all of the four separate and distinct subsections of Tiffin Traffic Code Section 331.10.

While we realize that the defendant did not object to the ticket complaint's amendment, we believe that granting the prosecution's amendment request under these circumstances was plain error. Crim. R. 52(B) provides:

"* * * Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

Accordingly, we find that the municial court erred in allowing the prosecution to amend the ticket complaint.

The amendment of the ticket complaint being invalid, the only subsection of Section 331.10 under which the municipal court could convict the defendant is subsection (c). We find, however, that the defendant's repeated assertions concerning the inapplicability of subsection (c) must be construed as motions for acquittal. Crim. R. 29(A) provides:

"* * * The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

There was no evidence presented at trial to support a conviction under Tiffin Traffic Code Section 331.10(c). Subsection (c) establishes the proper turning procedure for making a legal left turn at an intersection "* * * where traffic is restricted to one direction on one or more of the roadways * * *." However, no evidence was introduced to show that the defendant was in the improper lane when approaching the turn, or that he entered the wrong lane upon completion of his turn. A conviction under Tiffin Traffic Code Section 331.10(c) would therefore be against the manifest weight of the evidence, and the municipal court should have granted the defendant's motion for acquittal.

For the foregoing reasons, both of the defendant's assignments of error are well-taken, the judgment of the trial court is reversed and the defendant is discharged.

*Judgment reversed.*

EVANS and COLE, JJ., concur.