OPINION
Defendant Robert T. Mellars appeals a judgment of the Municipal Court of Licking County, Ohio, convicting and sentencing him for one count of Driving Under the Influence of Alcohol in violation of R.C. 4511.19, after a jury verdict of guilty. Appellant assigns seven errors to the trial court:
ASSIGNMENTS OF ERROR
 1. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S SPEEDY TRIAL MOTION.
 2. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT A SUPPRESSION HEARING.
 3. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN REFUSING TO ALLOW APPELLANT TO INTRODUCE THE TRAFFIC CITATION AS EVIDENCE (I.E. EXHIBIT).
 4. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AFTER THE STATE'S CASE IN CHIEF.
 5. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR ACQUITTAL PER O CRIM R. 29(B).
 6. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST-TRIAL MOTION FOR ACQUITTAL.
 7. THE WEIGHT OF THE EVIDENCE DOES NOT SUPPORT A GUILTY VERDICT.
The record indicates on April 17, 1997, at about 3:00 a.m., appellant and other persons were involved in an altercation at the Tee-Jay Restaurant. Newark Police Officers Jeffrey Pritt and Darrin Logan responded to a complaint, and ascertained appellant was under the influence of alcohol. The officers advised appellant not to drive, but observed him get into a vehicle and leave the parking lot. Based upon their previous contact, Officer Logan followed appellant and initiated a traffic stop. The officer observed the same signs of intoxication as earlier, and appellant failed the field sobriety test but refused the breath test.
 I
First, appellant argues the trial court abused its discretion in refusing to dismiss this action on speedy trial grounds. The trial court found appellant had waived his speedy trial rights, and also found all continuances had either been at appellant's request or for cause. The record indicates appellant executed a written waiver of his speedy trial rights, and never withdrew the waiver or made a written request for the trial to be scheduled within a reasonable time. The only document appellant filed was the motion to dismiss. Following an expressed written waiver of unlimited duration, an accused is not entitled to a dismissal of the complaint pursuant to R.C. 2945.73 for failure to bring him to trial within the statutory time period, unless the accused files a formal objection and demand for trial, following which the state must bring him to trial within a reasonable time, see State v.O'Brien (1987), 34 Ohio St.3d 7.
We find the trial court did not err in overruling the motion to dismiss. Accordingly, the first assignment of error is overruled.
 II
Appellant's second assignment of error alleges the court denied him a hearing on his motion to suppress evidence gathered at the time of arrest. The State points out the motion to suppress was filed out of rule, one day before the scheduled trial of July 24, 1997. Nevertheless, the trial court scheduled an oral hearing on the motion for September 23, 1997. Notice of the hearing was filed July 25, 1997, and indicates it was served on defense counsel. At the hearing, appellant and his attorney failed to appear. The following day appellant moved to reschedule the hearing, alleging in the motion he had not received notice of the hearing time. Counsel filed no affidavit or any other evidence in support of the motion. The court overruled the motion to reschedule and the motion to suppress. We find the trial court did not err in overruling the untimely filed motion which appellant failed to prosecute. Accordingly, the second assignment of error is overruled.
 III
In his third assignment of error, appellant argues the trial court abused its discretion in not permitting appellant to introduce as evidence the traffic citation. Appellant argues the ticket showed no erratic driving, and should have been submitted to the jury as evidence appellant was not impaired in his ability to operate a motor vehicle.
As the State points out, the purpose of the traffic citation is to inform an accused of the charge against him. Appellant does not cite any authority for the proposition a traffic citation must list all the evidence which led the arresting officer to issue the citation. A traffic ticket must give notice, to the accused, of the nature of the charge, see Cleveland Heights v.Perryman (1983), 8 Ohio App. 3d, 443.
Further, the record indicates appellant thoroughly cross examined both Patrolman Pritt and Patrolman Logan, and the jury was able to evaluate their testimony.
Questions regarding the admissibility of the evidence are directed to the trial court's discretion, and this court should not substitute its judgment for that of the trial court absent an abuse of discretion, see State v. Jackson (1991),57 Ohio St.3d 29. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is ". . . unreasonable, arbitrary or unconscionable, . . . ." see State v. Adams (1980), 62 Ohio St.2d 151
at 157.
We find the trial court did not err in refusing to admit the traffic citation as evidence. Accordingly, the third assignment of error is overruled.
 IV and V
The trial court overruled appellant's motion for acquittal made after the State's case in chief. Appellant argues the trial court erred in not dismissing the case because the State failed to set forth a prima facia case.
A trial court should not enter a judgment of acquittal if the evidence presented is such that reasonable minds could reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt, State v.Bridgeman (1978), 55 Ohio 2d 261. We have reviewed the record, and we find there was sufficient evidence presented which, if believed by the jury, would support the jury's verdict that appellant drove his vehicle while under the influence of alcohol.
The fourth and fifth assignments of error are overruled.
 VI
Appellant also urges the trial court should have entered an acquittal after the trial. For the reasons stated in IV and V,supra, this assignment of error is overruled.
 VII
In his final assignment of error, appellant argues the jury's verdict was against the manifest weight of the evidence. We have reviewed the record, and we find, although disputed, there was sufficient, competent and credible evidence, which, if believed by the trier of fact, would entitle it to return a verdict of guilty as charged, see State v. Thompkins (1997), 78 Ohio St.3d 380,387; State v. DeHass (1967), 10 Ohio St.2d 230.
The seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., concur.
Hoffman, J., concurs separately.