JOURNAL ENTRY and OPINION
Defendant-appellant Thomas R. Kimball, proceeding pro se, appeals from his conviction after a bench trial of violation of a traffic ordinance, viz., Cleveland City Ordinance ("CCO") Section 431.02 (C), "U" Turns Restricted.
Appellant contends the municipal code section is unenforceable, the trial court improperly convicted him of an offense for which he had not been charged, and he was prevented from presenting a defense to the charge of which he was convicted. Since this court finds appellant's second and third contentions both have merit and, further, are dispositive of this appeal, appellant's conviction must be reversed.
On September 23, 1998, at approximately 8:35 a.m., appellant was in his vehicle proceeding westbound on Woodland Avenue near East 55TH Street. At that time, Officer Eddie Rimer of the Cleveland Police Department was just finishing issuing a traffic citation to another driver when he observed appellant execute a "U-turn" near East 54th Street. Appellant's maneuver caused eastbound traffic on Woodland Avenue to "slow" to accommodate it. Appellant then turned southbound onto East 55th Street.
Rimer returned to his zone car, followed appellant, stopped him, and issued a citation to him for violation of CCO 433.04, Impeding the Flow of Traffic.
Appellant entered a plea of not guilty to the charge; the case proceeded to a bench trial. The city presented as its only witness Officer Rimer, who testified that he had stopped appellant "about 6 times" for the same action but that, although he previously had cited appellant for making an improper turn, appellant had "beat [him] on that a couple times"; therefore, Officer Rimer decided to cite appellant for impeding traffic instead.
Appellant, appearing pro se, requested the trial court to dismiss the charge after he had cross-examined Rimer. The trial court, however, refused to do so. Appellant then made a statement in which he said he would "stipulate that * * * [he] did in fact execute a U-turn." Appellant protested no signs prohibited the action and, further, only one other car was affected by it.
The trial court questioned appellant, quoted the text of CCO 431.02 (C), "U" Turns Restricted, and found appellant guilty of that offense. Appellant was ordered to pay a fine of $100.00.
In his first assignment of error, appellant asserts CCO 431.02 (C) is unenforceable because it conflicts with state law. In his second assignment of error, appellant asserts the trial court improperly convicted him of an offense for which he had not been charged. In his third assignment of error, appellant asserts he was unable to adequately prepare a defense to the new charge. This court finds appellant's second and third assignments of error are related; moreover, they are dispositive of this appeal.
Appellant's conviction must be reversed on the authority ofMiddletown v. Blevins (1987), 35 Ohio App.3d 65. The Uniform Traffic Citation issued to appellant charged him with the offense of impeding the flow of traffic. The trial court's subsequent finding of appellant's guilt of a completely different offense violated "fundamental due process" and "is foreign to American jurisprudence." Id., at 66.
The supreme court has stated that "[a] Uniform Traffic Ticket effectively charges an offense even if the defendant has to make reasonable inquiry in order to know exactly what offense is charged." Barberton v. O'Connor (1985), 17 Ohio St.3d 218, syllabus 2; see, also, Cleveland Heights v. Perryman (1983),8 Ohio App.3d 443.
The amendment of traffic ticket complaints is governed by Crim.R. 7 (D); amendment is allowed only if the amendment simply either clarifies or amplifies in a manner consistent with the original complaint and if the defendant has a reasonable opportunity to prepare his defense. Tiffin v. Ruden (1988),46 Ohio App.3d 138; see, also, State v. Jackson (1992), 78 Ohio App.3d 479.
In this case, the trial court was faced with the question of appellant's guilt of violating CCO 433.04. The traffic ticket was never amended to indicate appellant instead had violated CCO 431.02 (C).
Nevertheless, the trial court chose to find appellant guilty of that section, which was a completely different offense. Since both the name and the identity of the offense thereby were changed in violation of Crim.R. 7 (D), and since appellant was deprived of a reasonable opportunity to contest the new charge, appellant's conviction must be reversed. State v. West (1988),52 Ohio App.3d 110; State v. Jackson, supra; Middletown v. Blevins,supra; Cleveland v. Szappanos (Oct. 8, 1992), Cuyahoga App. No. 63049, unreported.
For the foregoing reasons, appellant's second and third assignments of error are sustained. Appellant's first assignment of error is rendered moot. App. R. 12 (A) (1) (c).
Appellant's conviction is reversed, and he is discharged.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J. CONCURS; DIANE KARPINSKI, P.J.CONCURS IN JUDGMENT ONLY
 _________________________ JUDGE KENNETH A. ROCCO