OPINION
Defendant David Howard appeals a judgment of the Municipal Court of Licking County, Ohio, convicting and sentencing him for one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19 (A) and failing to stop for a stop sign in violation of Ord. 313.01. Appellant filed a motion to suppress evidence gathered at the traffic stop, as well as the BAC test results, but when the trial court overruled the motion, appellant pled no contest and was convicted. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR
THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO DISMISS THE STOP SIGN CHARGE.
THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING BRANCH 2, MOTION FILED 02/16/99 BY APPELLANT (I.E. STOP SIGN CHARGE)
THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FINDING APPELLANT GUILTY OF A MUNICIPAL EQUIVALENT OF R.C. 4511.19, AND SENTENCING APPELLANT ON THE BASIS OF R.C. 4511.19 (A)(1).
THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FILED 02/16/99.
At the motion to suppress, the State presented the evidence of Officer John Mielke, who testified on December 20, 1998, he was a police officer in the Village of Johnston, Licking County, Ohio. Officer Mielke testified he observed appellant turn from South Oregon Street left onto Pratt Street without stopping at the stop sign. The officer testified he was some or five houses behind appellant's vehicle, and there were no obstructions between the two vehicles. The officer further testified he drove up to the stop sign and turned to see where appellant had gone. The officer found appellant had turned into a businessman's parking lot, so the officer pulled in behind him and turned on his light bar. At some point, the officer asked appellant to submit to a BAC test, and appellant agreed. The officer testified the machine gave a reading of .123, so the officer arrested the appellant for driving while under the influence. In response, appellant testified, as did his wife. Both appellant and his wife testified appellant stopped his vehicle at the stop sign.
 I II
At the hearing on the motion to suppress, appellant moved to dismiss the stop sign charge because the citation issued was incomplete. Specifically, appellant argued to the court, and to us, the ticket states a violation of 313, but does not identify the number as a Codified Ordinance of the Village of Johnstown. The court overruled the motion to dismiss, and permitted the prosecutor to amend in order to fill in the block for Codified Ordinance of the Village of Johnstown. Appellee responds appellant did not allege any defect in the citation prior to his written plea of not guilty entered at Johnstown's Mayor's Court. Pursuant to Traffic Rule 11, any defect in the citation must be raised before a plea is entered. Thus, the Village argues appellant waived any imperfection in the citation. We agree the Village appellant waived this argument. Further, if a citation gives the defendant notice in general terms of the nature of the offense and does not deprive its defendant of a reasonable opportunity to prepare a defense, then the citation may be amended to clarify and complete it in a manner consistent with the original citation, see City of Cleveland Heights v. Perryman (1983), 8 Ohio App.3d 443. The officer did note on the ticket it was a stop-sign offense. We find this gave the defendant sufficient notice of the nature of the offense and a reasonable opportunity to defend. The first and second assignments of error are overruled.
 III
In his third assignment of error, appellant argues the trial court erred in convicting appellant on the municipal equivalent of R.C.4511.19, in sentencing him on the basis of the Revised Code. Appellant argues appellee's evidence did not comply with the Ohio Administrative Code, which mandates the concentration be expressed as equivalent to grams by weight of alcohol per .210 liters of deep lung breath. Appellant argues neither appellee's evidence, nor the judgment of conviction contains the word "deep." Appellant asks us to find the omission is fatal to the conviction. The Village asks us to find it substantially complied with the Department of Health Regulations, and the Revised Code, and further notes the trial court's written entry sentenced appellant only on driving under the influence, and not on the prohibited breath concentration. Our review of the record leads us to conclude neither the evidence presented or the judgment of conviction was flawed. The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues the trial court abused its discretion in overruling three of the six branches of his motion filed February 6, 1999. Specifically, appellant argues Branch two of the motion dealing with the stop-sign charge, branch four, challenging the traffic stop as unreasonable, and Branch five, seeking to suppress the BAC test, should all have been sustained. Certain of appellant's arguments have been more fully developed in other assignments of error, supra. Further, appellant concedes the trial court must resolve the issue of credibility, although appellant argues Officer Mielke's testimony is inconsistent on certain crucial details. We have reviewed the record, including the motion and transcript of the suppression hearing held March 17, 1999, and we find the trial court did not abuse its discretion or commit an error of law in overruling these branches of the motion. The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. By Gwin, P.J., Farmer, J., concur, Hoffman, J., concurs separately.