OPINION
{¶ 1} Appellant, Michelle Pignaloso, appeals from the June 22, 2006 judgment entry of the Portage County Municipal Court, Ravenna Division, in which she was sentenced for wrongful entrustment of a motor vehicle.
 {¶ 2} On February 19, 2006, a complaint was filed against appellant charging her with one count of wrongful entrustment, a misdemeanor of the first degree, in *Page 2 
violation of R.C. 4511.203(A)(4). Appellant entered a not guilty plea at her initial appearance on March 2, 2006.
 {¶ 3} A bench trial was held on June 22, 2006.
 {¶ 4} At the bench trial, Officer Al Gilbert ("Officer Gilbert") with the Hiram Police Department ("HPD") testified for appellee, the state of Ohio, that on February 19, 2006, at approximately 12:23 a.m., he conducted a traffic stop due to a traffic violation on State Route 700. The driver of the vehicle, which was owned by appellant, was John Nicotra ("Nicotra"). Anthony B. Hejl, Jr. ("Hejl") was a front seat passenger, and appellant was a rear driver's side passenger. According to Officer Gilbert, Nicotra provided his registration and a temporary identification card because he had no driver's license. Also, Nicotra was under suspension through Florida. He detected a strong odor of alcohol emanating from the automobile, and asked Nicotra to exit the car and submit to field sobriety tests. Because Nicotra performed poorly, Officer Gilbert placed him under arrest.
 {¶ 5} Officer Gilbert questioned appellant and determined that she, Nicotra, and Hejl, had been drinking at their apartment. Officer Gilbert issued appellant a citation for wrongful entrustment. Nicotra was cited for no driver's license, OVI, and lanes of travel.
 {¶ 6} Nicotra testified for appellee that he tested a .124 on the breathalyzer test. Nicotra said that appellant was his girlfriend and that they lived together in an apartment in Hiram. On cross-examination, he stated that the three drank vodka drinks, only one glass each. Nicotra indicated that he may have had one and a half drinks. He made the decision to drive appellant's car because appellant was a little "tipsy" and he felt that he was okay to drive. *Page 3 
 {¶ 7} At the close of appellee's case, appellant's counsel moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court.
 {¶ 8} Nicotra testified for appellant that he never informed appellant that he had any problems getting an Ohio driver's license.
 {¶ 9} Hejl testified for appellant that Nicotra said, "`Oh, I'm not too drunk. I should be fine.'" So, Nicotra was chosen to drive appellant's vehicle.
 {¶ 10} According to appellant, she knew Nicotra did not have a license. She felt "tipsy" but not drunk. Thus, appellant believed that Nicotra was not drunk either.
 {¶ 11} At the close of the defense's case, appellant's counsel renewed the Crim.R. 29 motion, which was overruled by the trial court.
 {¶ 12} Following the bench trial, the court found appellant guilty of violating R.C. 4511.203(A)(1) and (4). Pursuant to its June 22, 2006 judgment entry, the trial court sentenced appellant to one hundred eighty days in jail and ordered her to pay a fine in the amount of $1,000 plus court costs. The entire jail sentence and $750 of the $1,000 fine were suspended on the following conditions: that appellant not violate any law or ordinance, except minor traffic, for two years; that she complete thirty-six hours of community service; and that she pay all fines and costs within ninety days of the order. Appellant's sentence was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 13} "[1.] The [t]rial [c]ourt committed error as a matter of law when [it] sua sponte amended the original complaint or instructed the [p]rosecutor to amend the complaint, during Crim.R. 29, motion for acquittal, from wrongful entrustment [R.C] 4511.203(A)(4) to additional charges of [R.C] 4511.203(A)(1) or (2). *Page 4 
 {¶ 14} "[2.] The [t]rial [c]ourt committed error in overruling [appellant's Crim.R. 29 motion for acquittal."
 {¶ 15} In her first assignment of error, appellant argues that the trial court erred when it sua sponte amended the original complaint or instructed the prosecutor to amend the complaint from wrongful entrustment, R.C. 4511.203(A)(4), to additional charges of R.C.4511.203(A)(1) and/or (2).
 {¶ 16} We note that the instant matter arose from a traffic stop and would therefore be governed by the Ohio Traffic Rules. See State v.O'Conke (Aug. 11, 1995), 11th Dist. No. 94-L-136, 1995 Ohio App. LEXIS 3304, at 11. "However, as: The Ohio Traffic Rules make no specific provision for the amendment of a ticket complaint (* * *) they do direct that "the Rules of Criminal Procedure and the applicable law apply" whenever "no procedure is specifically prescribed by these (traffic) rules." Traf.R. 20. The rule governing amendments of a ticket complaint is thereby established as Crim.R. 7(D).'" Id. at 11, quotingCleveland Hts. v. Perryman (1983), 8 Ohio App.3d 443, 445.
 {¶ 17} Crim.R. 7(D) provides in part: "[t]he court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *"
 {¶ 18} "`While Crim.R. 7(D) permits a trial court to correct defects, imperfections or omissions in the form or substance of the indictment, information, complaint, or bill of particulars (i.e., changes that do not go to the very essence of the offense charged), it clearly forbids, whether a continuance is granted or not, a trial court from permitting an *Page 5 
amendment of the complaint, indictment or information which changes the name or identity of the offense charged.'" O'Conke, supra, at 12, quoting Middletown v. Blevins (1987), 35 Ohio App.3d 65, 66. (Emphasis sic.) (Citations omitted.) "`(A) showing of prejudice is not required when it has been demonstrated that the name or identity of the offense charged has been changed in violation of Crim.R. 7.'" O'Conke, supra, at 12-13, quoting State v. Hasenstab (June 2, 1995), 11th Dist. No. 94-L-112, 1995 Ohio App. LEXIS 2300, at 6.
 {¶ 19} "* * * [c]ourts may allow amendments of misdemeanor complaints if the defendant still has a reasonable opportunity to prepare a defense and the amendments simply clarify or amplify in a manner consistent with the original complaint." State v. Campbell, 150 Ohio App.3d 90,2002-Ohio-6064, at ¶ 6. (Citations omitted.)
 {¶ 20} In the case at bar, the name of the crime remained the same. However, the test to determine whether different elements exist is whether "each requires proof of a fact which the other does not."State v. Woody (1986), 29 Ohio App.3d 364, 364. Thus, we must review the provisions of R.C. 4511.203(A) to determine whether the amendment by the trial court resulted in a substitution of a different element.
 {¶ 21} R.C. 4511.203 provides in part:
 {¶ 22} "(A) No person shall permit a motor vehicle owned by the person or under the person's control to be driven by another if any of the following apply:
 {¶ 23} "(1) The offender knows or has reasonable cause to believe that the other person does not have a valid driver's or commercial driver's license or permit or valid nonresident driving privileges. *Page 6 
 {¶ 24} "(2) The offender knows or has reasonable cause to believe that the other person's driver's or commercial driver's license or permit or nonresident operating privileges have been suspended or canceled under Chapter 4510. or any other provision of the Revised Code.
 {¶ 25} "* * *
 {¶ 26} "(4) The offender knows or has reasonable cause to believe that the other person's act of driving would violate section 4511.19 of the Revised Code or any substantially equivalent municipal ordinance."
 {¶ 27} Again, the February 19, 2006 complaint charged appellant with one count of wrongful entrustment, a misdemeanor of the first degree, in violation of R.C. 4511.203(A)(4). At the bench trial, following appellee's case in chief, appellant's counsel moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. The trial judge indicated that the prosecutor established a prima facie case on both counts of driving under suspension and driving under the influence portion of the statute. Defense counsel objected and stated that the prosecutor was not going forward on the driving under suspension portion of the statute. The trial judge reviewed the file and determined that the complaint only contained R.C. 4511.203(A)(4). The trial judge told the prosecutor that he could move to amend at any time. The prosecutor replied that he would include either R.C. 4511.203(A)(1) and/or (2). The trial judge amended the complaint to add R.C.4511.203(A)(1) and (2). Appellant's counsel objected, which was overruled by the trial court. At the conclusion of the bench trial, appellant was found guilty of R.C. 4511.203(A)(1) and (4). *Page 7 
 {¶ 28} R.C. 4511.203(A)(1) and (2) both contain elements that address proof of a person's legal driving status and their qualifications to drive the offender's vehicle. R.C. 4511.203(A)(4), however, focuses on the physical act or condition of the driver while operating the offender's car. The foregoing provisions clearly contain different elements requiring proof of a fact which the other does not. We note that R.C. 4511.203(A)(1) and (2) cannot be lesser included offenses of R.C. 4511.203(A)(4), the offense originally charged, because all are first degree misdemeanors and therefore carry the same penalty. See R.C.4301.99; Hasenstab, supra, at 6.
 {¶ 29} Here, appellant did not have ample time after the amendment in which to prepare and defend against the complaint as amended. Therefore, appellant was deprived of her reasonable opportunity to prepare her defense. See Tiffin v. Ruden (1988), 46 Ohio App.3d 138, 140;Ashtabula v. Tackett (Dec. 14, 2001), 11th Dist. No. 2000-A-0065, 2001 Ohio App. LEXIS 5642, at 5 (holding that "[the] appellant was provided with no notice of the new charge since the court sua sponte amended the complaint at the conclusion of the bench trial.")[1] (Emphasis sic.)
 {¶ 30} Furthermore, as appellant did not consent to the amendment but, indeed, objected to it, the amendment was improper. See State v.Rihm (1995), 101 Ohio App.3d 626, 629. Thus, appellant "need not demonstrate that [she] suffered any prejudice as a result of the forbidden amendment." Blevins, supra, at 67.
 {¶ 31} Appellant's first assignment of error is with merit. *Page 8 
 {¶ 32} In her second assignment of error, appellant contends that the trial court erred by overruling her Crim.R. 29 motion for acquittal.
 {¶ 33} Based on our disposition of appellant's first assignment of error, her second assignment is moot.
 {¶ 34} For the foregoing reasons, the judgment of the Portage County Municipal Court, Ravenna Division, is reversed.
WILLIAM M. O'NEILL, J., concurs, DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
[1] By way of background, the appellant in Tackett was charged with R.C. 2917.11(B)(1) and R.C. 2921.31. Id. at 2. Following a bench trial, the appellant was found not guilty of violating R.C. 2921.31, but guilty of R.C. 2917.11(A)(5). Id. This court held that because the appellant was tried on the charge of R.C. 2917.11(B), but found guilty of R.C.2917.11(A)(5), he could not be prosecuted on the same charge. Id. at 6. This court indicated that jeopardy attached when the first witness was sworn in at the bench trial. Id.