{¶ 42} I respectfully dissent.
 {¶ 43} The traffic citation issued to appellant was fatally deficient, citing a violation of R.C. 4511.21(A), to wit, speeding. The citation was later amended to state the correct statutory violation, charging appellant with operating a vehicle while under *Page 11 
the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a). However, neither appellant nor his counsel was sent a copy of the amended citation. Appellant filed a motion to dismiss the OVI charge, which was overruled by the trial court. This writer agrees with appellant that the trial court erred by overruling his motion to dismiss.
 {¶ 44} Ohio traffic laws require, and courts in Ohio have upheld, that valid complaints and/or traffic citations must sufficiently inform a defendant of the alleged offense with which he or she is charged.
 {¶ 45} The Eighth District in Greiner, supra, at 159, stated:
 {¶ 46} "[i]n Cleveland v. Austin (1978), 55 Ohio App.2d 215, * * * 220 * * *, this court determined that a traffic ticket `will satisfy legal requirements, if it apprises a defendant of the nature of the chargetogether with a citation of the statute or ordinance involved.' If either of these two elements is omitted, the ticket is subject to dismissal upon timely motion unless it is amended to correct the deficiency. Cleveland Heights v. Perryman (1983), 8 Ohio App.3d 443.
 {¶ 47} "The citations given to these defendants contained sufficient language to apprise them of the nature of the charge, but the tickets did not contain a reference to the correct ordinance violated." (Emphasis sic.)
 {¶ 48} In the case at bar, again, the original citation indicated that appellant was charged with driving under the influence of alcohol/drug abuse. However, it included the statutory section for speeding, rather than OVI. Although the state amended the citation, neither appellant nor his counsel was served with a copy.
 {¶ 49} Traf.R. 3(C) provides in part: "* * * [i]f a new complaint is executed, a copy shall be served upon defendant as soon as possible." (Emphasis added.) *Page 12 
 {¶ 50} Based on the original citation, appellant could not prepare and/or mount an adequate defense to the charge due to the error. I agree with appellant that the trial court should have dismissed the traffic citation in its entirety because the state failed to provide him with a copy of the amended charge in violation of Traf.R. 3(C).
 {¶ 51} For the foregoing reasons, I would reverse the judgment of the trial court. *Page 1