OPINION
This is an appeal from the judgment of conviction and sentence of the Municipal Court of Marion, Ohio following a jury verdict finding Defendant-appellant, Michael Grimes (Grimes), guilty of operating a motor vehicle while under the influence of alcohol and leaving the scene of an accident.
At approximately 7:00 p.m. on October 5, 2000, Grimes entered the Knights of Columbus in Marion, Ohio and over the course of a few hours drank two or three scotch and water drinks. Shortly after 10:00 p.m., Grimes left the establishment, traveling west on Wilson Avenue. He then turned onto Johnson Street where he drove through a tree lawn filled with flowers and hit a telephone pole. A neighbor heard the sound of the accident and observed a damaged, dark truck traveling down Johnson Street within seconds of the noise. The neighbor then called the Marion Police Department to report the accident. Two or three minutes later, Officer Trautman pulled Grimes over. After observing Grimes lose his balance several times and noticing an odor of alcohol and slurred speech, the officer asked Grimes to perform field sobriety tests and to submit to a breath test. Grimes refused to comply with either request.
Officer Trautman then issued Grimes a traffic citation charging him with leaving the scene of an accident, under R.C. 4549.03, and failure to control, under R.C. 4511.202. The officer also checked a box on the ticket that read "OMVI" and "Under the influence of alcohol/drug of abuse." However, the officer cited section4511.191 which is a code section pertaining to administrative license suspensions rather than 4511.19(A)(1) which is the OMVI code section.
As Grimes was the former Law Director for the City of Marion, a special prosecutor was appointed from Morrow County to handle the case to cure any possible conflicts of interest. On October 11, 2000, Grimes pled not guilty to all charges and demanded a jury trial. On February 6, 2001, another complaint was filed which was entitled "Amended Complaint" to reflect the appropriate code section for the OMVI offense. This citation reflected a different case number than the first ticket. The current Marion City Law Director signed the special prosecutor's name to the second complaint. He then signed his name below the name of the special prosecutor. This complaintwas served on Grimes' attorney by facsimile one day prior to trial.
On February 7, 2001 a trial by jury was held. Prior to opening statements, Grimes inquired as to which complaint the prosecution was proceeding upon as a result of the dual case numbers. The special prosecutor claimed that he was dismissing the first complaint and that he would be proceeding under the second complaint. However, there was never a formal motion for dismissal of the first complaint and more importantly, no adjudication of dismissal of this complaint was ever entered by the trial court.
Grimes also asserted that the "amended" complaint was deficient in several respects. Specifically, Grimes requested a dismissal of the OMVI charge on the grounds that he was not given enough notice of the amendment and that in order to be valid, the special prosecutor must sign the second complaint. The trial court denied the motion to dismiss but suggested that the special prosecutor issue and serve another amended complaint to Grimes containing the special prosecutor's signature. The special prosecutor complied with the request; however, the third complaint was never filed with the court.
Subsequently, the jury found Grimes guilty of both OMVI and leaving the scene of an accident.
Grimes now appeals the judgments asserting two assignments of error. The first assignment of error complains of the trial court's failure to dismiss, based upon the foregoing series of problems regarding the original complaint and subsequent attempts to amend the charges.
 The trial court erred in denying Appellant's Motion to Dismiss the charges against him.
As the traffic rules do not contain a provision to amend a complaint, we are guided by Crim.R. 7 which provides that a court may amend a complaint at anytime prior, during or after trial provided no change is made in the name or identity of the crime charged. City of Tiffin v. Ruden (1988), 46 Ohio App.3d 138,139. Additionally,
 Error in the numerical designation [of a statute] * * * shall not be grounds for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant.[1]
Crim.R. 7(B); see also State v. Mays (1995) 104 Ohio App.2d 241,246 (finding that where the text of a complaint is sufficient to put the defendant on notice of the charges against him, a misnumbering of an applicable statute having no tendency to mislead the defendant would not constitute a jurisdictional defect).
On the first citation/complaint, Officer Trautman checked the box marked OMVI which stated "under the influence of alcohol/drug abuse" but wrote an incorrect code section. In an attempt to correct that code section, the prosecutor filed a second complaint which he designated "amended complaint." However, this complaint also involved several procedural irregularities. First, the complaint was given a new case number. As such, this complaint constituted a new charge presumably requiring another arraignment. Second, the City Law Director signed the second complaint after he was removed from this case.
While the special prosecutor attempted to rectify these problems by issuing a third complaint with his signature, the third complaint was never filed with the court and accordingly, was never placed into the record of this case. Finally, it must be noted that despite the foregoing efforts of the special prosecutor, both the written jury instructions and the final judgment of conviction in this case specifically refer to the case number designated on the first citation/complaint — which, as noted earlier, was never dismissed by the trial court. As a result, we will evaluate this assignment of error in terms of the original complaint issued by Officer Trautman.
In this case, the first complaint textually described the charge against Grimes. Moreover, while the second and third complaints did not effectively replace the first complaint as the principal charging instrument, it is abundantly clear from the record and trial transcript that they did serve to fully apprise Grimes of the specific numerical code section of the OMVI charge against him and thus, constituted a de facto amendment of the first complaint as to the proper numerical code section. Most importantly, at no time before or during trial did Grimes bring to the court's attention any different witnesses he would have called or additional evidence he would have presented, nor did he ask for a continuance to make additional preparations based upon any alleged confusion or lack of apprisal as to what charges he was being required to defend. Under the totality of these circumstances, including the fact that the trial court properly instructed the jury as to the correct code section and charge, we cannot find that the defendant was prejudicially misled by the error in numerical designation. Accordingly, the Appellant's first assignment of error is overruled.
Appellant's second assignment of error asserts:
 Appellant's conviction for leaving the scene of an accident was not supported by sufficient, credible evidence.
In examining whether there is sufficient evidence to support a conviction, an appellate court must determine whether after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259.
R.C. 4549.03 provides that
 The driver of any vehicle involved in an accident resulting in an accident resulting in damage to real * * * or personal property * * * legally upon or adjacent to a public road or highway shall immediately stop and take reasonable steps to locate and notify the owner or person in charge of such property of such fact, of his name and his address, and of the registration of [the] vehicle he is driving * * *. If the owner or person in charge of such property cannot be located after reasonable search, the driver * * * shall, within twenty-four hours after such accident, forward to the police department of the city or village in which such accident or collision occurred * * * the same information required to be given the owner or person in control.
In this case, Mr. Pritchard testified that only seconds elapsed between the sound of the crash and his view of Grimes' retreat. While a driver of a vehicle involved in an accident has twenty-four hours to notify authorities if he cannot locate the owner of the property, he must first immediately stop and take reasonable steps to locate and notify the owner or the person in charge of the property. However, it does not appear that Grimes ever stopped or took any reasonable steps to notify Ohio Edison that he hit the pole or the homeowner that he destroyed the grass and flowers. While Grimes argues that he does not remember hitting the pole because of a neurological problem and as such could not have violated this statute, R.C.4549.03 does not require intent. Moreover, we find after reviewing the record, that there was sufficient evidence to convince the average mind beyond a reasonable doubt that Grimes left the scene of an accident as described in R.C. 4549.03. As, such the appellant's second assignment of error is overruled
Based on the foregoing, the judgment of the trial court is affirmed.
Judgment Affirmed.
WALTERS, P.J. and BRYANT, J.
[1] This text has been broadened to apply to complaints as well. See State v. Mays (1995), 104 Ohio App.3d 241).