CITY OF AKRON *v.* DETWEILER.

(No. 77 TRD 34817—Decided January 9, 1978.)

Akron Municipal Court.

*Mr. Peter D. Oldham,* prosecuting attorney, for plaintiff.

*Mr. Thomas S. Haney,* for defendant.

GEORGE, J. On October 1, 1977, an accident occurred whereby the defendant, Thomas D. Detweiler, was subsequently charged with passing without the assured clear distance ahead under R. C. 4511.29. Some time thereafter, but prior to October 18, 1977, the defendant was advised by the State Highway Patrol, by telephone, that he would be cited for that accident. On October 18, 1977, the defendant moved to dismiss the matter on the basis that he had never been properly served with a traffic citation. On October 22, 1977, the ticket was mailed to the defendant's residence in Stockport, Ohio. On December 30, 1977, the traffic referee issued a finding on the defendant's motion, dismissing the matter for the reason that the service by mail was not proper and that the defendant was not served as provided in Traf. R. 3(E). On that same date, the city filed a motion for review, which the court now considers.

This matter has been submitted to the court upon its record.

The Supreme Court of Ohio promulgated what is

known as the Ohio Traffic Rules which provides in Traf. R. 3(A):

"In traffic cases the complaint and summons shall be the 'Ohio Uniform Traffic Ticket' * * *."

The Ohio Uniform Traffic Ticket is set out and made a part of the appendix to those Traffic Rules. It provides, in pertinent part:

"This summons served personally on the defendant on ........................, 19........."

The court finds that the form, having been referred to specifically in Traf. R. 3(A), requires that it be considered as a part of the Traffic Rules. The language of the Ohio Uniform Traffic Ticket must be read *in pari materia* with Traf. R. 3(E), which provides:

"A law enforcement officer who issues a ticket shall complete and sign the ticket, *serve a copy of the completed ticket upon the defendant* and, without unnecessary delay, file the court copy with the court." (Emphasis added.)

Therefore, the word "serve," as used in Traf. R. 3(E), must be interpreted so as to be consistent with the language of the Ohio Uniform Traffic Ticket and therefore calls for personal service. This is so because the Ohio Uniform Traffic Ticket provides a notation as to when the citation was personally served upon the defendant. To interpret the Ohio Uniform Traffic Ticket and the word "serve" as used in the Traf. R. 3(E) otherwise, would be an unreasonable and inconsistent interpretation.

Therefore the court affirms the finding of the referee for the reason that the service by mail of a traffic citation is not an acceptable method of service and is contrary to Traf. R. 3(E).

*Complaint dismissed.*