THE STATE OF OHIO, APPELLEE, *v.* MARINIK, APPELLANT.

(No. 88CA004380—Decided February 1, 1989.)

*Jonathan E. Rosenbaum,* for appellee.

*Jack W. Bradley,* for appellant.

BAIRD, P.J. Defendant-appellant, Christopher Marinik, was indicted on

charges of aggravated vehicular homicide in violation of R.C. 2903.06(A), involuntary manslaughter in violation of R.C. 2903.04(B), leaving the scene of an accident in violation of R.C. 4549.02, and driving a vehicle with a concentration of ten-hundredths of one percent or more by weight of alcohol in his blood in violation of R.C. 4511.19(A)(2), following an incident in which the vehicle he was driving struck and killed a young woman riding a bicycle. Following a trial to a jury, appellant was convicted on each of the counts, the fourth of which had been amended. The state elected to dismiss the conviction of involuntary manslaughter. Appellant was sentenced to one and one-half to five years with a lifetime driver's license suspension on the conviction on aggravated vehicular homicide, six months concurrent and a fine of $750 on the conviction of driving with a .10 percent concentration of alcohol in violation of R.C. 4511.19 (A)(3) following the amendment of the indictment, and six months concurrent and a fine of $500 on the conviction of failure to stop and give information. It is from this conviction that appellant appeals, raising two assignments of error.

### Assignment of Error I

"The trial court erred when the State of Ohio was permitted to amend the indictment from an alleged violation of R.C. 4511.19(A)(2) to a violation of R.C. 4511.19(A)(3) thereby denying defendant his right to due process as guaranteed under the Fourteenth Amendment, United States Constitution."

At the close of the state's evidence, appellant moved for acquittal on the charge of violating R.C. 4511.19(A)(2). This was based on the fact that the state had presented no evidence on his blood-alcohol concentration, but had presented breathalyzer results which would support a conviction only under R.C. 4511.19(A)(3), with which appellant was not charged. Following the appellant's motion, the state moved to amend the indictment to a charge of violating R.C. 4511.19(A)(3). The trial court permitted the amendment over appellant's objection.

Crim. R. 7(D) sets forth the provisions for amending an indictment as follows:

"Amendment of indictment, information or complaint. The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, *provided no change is made in the name or identity of the crime charged * * *.*" (Emphasis added.)

Thus, an indictment may be amended during trial only so long as the name or identity of the offense with which a defendant is charged does not change. *State* v. *O'Brien* (1987), 30 Ohio St. 3d 122, 125-126, 30 OBR 436, 439, 508 N.E. 2d 144, 147; *Cleveland Heights* v. *Perryman* (1983), 8 Ohio App. 3d 443, 445, 8 OBR 567, 569, 457 N.E. 2d 926, 928. An amendment to an indictment which changes the name or identity of the offense charged is forbidden by Crim. R. 7(D). *Middletown* v. *Blevins* (1987), 35 Ohio App. 3d 65, 67, 519 N.E. 2d 846, 848. Additionally, since Crim. R. 7 flatly prohibits amendments to indictments which change the name or identity of the charges, appellant need not show that a request for a continuance was denied or demonstrate any prejudice as a result of the forbidden amendment. *Id.*

Charges of violation of R.C. 4511.19(A)(2) and 4511.19(A)(3) for concentration of blood to alcohol and breath to alcohol, respectively, are separate offenses. *State* v. *Wilcox* (1983), 10 Ohio App. 3d 11, 12, 10 OBR 17, 18, 460 N.E. 2d 323, 325; *State* v.

*Mendieta* (1984), 20 Ohio App. 3d 18, 20 OBR 19, 484 N.E. 2d 180. Thus, the trial court, by allowing the amendment of the indictment, permitted a change in violation of Crim. R. 7(D). Since the state presented no evidence of appellant's blood-alcohol content, the trial court should have granted appellant's motion for acquittal on charges of violation of R.C. 4511.19(A)(2). *State v. Metro* (Aug. 28, 1985), Medina App. No. 1394, unreported[1]; *State v. Ulich* (Apr. 25, 1984), Summit App. No. 11515, unreported; *Akron v. Gradisher* (July 3, 1985), Summit App. No. 11986, unreported. Appellant's first assignment of error is well-taken and we reverse his conviction on R.C. 4511.19(A)(3).

### Assignment of Error II

"The trial court erred to the prejudice of the defendant when it denied the defendant an opportunity to call a witness in his favor in violation of defendant's constitutional rights under the Sixth and Fourteenth Amendments, United States Constitution and Article I, Section 10, Ohio Constitution."

Appellant claims that the trial court erred in refusing to permit the testimony of Jonathan Cowan, his expert witness. Since Cowan's testimony related only to the breathalyzer and the charge of violation of R.C. 4511.19(A)(3), our disposition of the first assignment of error acquitting appellant of that charge renders the second assignment of error moot.

We reverse the conviction of the appellant for violation of R.C. 4511.19(A)(3), and affirm appellant's conviction for aggravated vehicular homicide and failure to stop and give information.

*Judgment accordingly.*

MAHONEY, J., concurs.

QUILLIN, J., dissents.

QUILLIN, J., dissenting. R.C. 4511.19 provides in part:

"(A) No person shall operate a vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"* * *

"(2) The person has a concentration of ten-hundredths of one percent or more by weight of alcohol in his blood;

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]"

Subsections (A)(2) and (A)(3) are equivalents. The blood reading converts directly to a breath reading. Ten hundredths of one percent by weight of alcohol in blood is equal to ten hundredths of one gram by weight of alcohol per two hundred ten liters of breath. This is the basic fact of physics upon which the Ohio system is based. The breath test is just another way to measure blood alcohol.

This was the underlying basis for our ruling in *State* v. *Metro* (Aug. 28, 1985), Medina App. No. 1394, unreported, motion to certify overruled, Oct. 30, 1985. There we held that, in a trial to the court, a defendant could be charged with and convicted of driving with a prohibited *breath* alcohol level, even though the evidence showed only a prohibited *blood* alcohol level. This was so, we said, because of Ohio Adm.

---

[1] In this case, upon which the dissent relies, there was no amendment to the original charge, and the charge upon which the defendant was convicted was the same as the one upon which he went to trial.

Moreover, the Ohio Administrative Code has been amended so as to eliminate therefrom the language relied upon in *Metro*.

Code 3701-53-02, which recognized that blood-alcohol readings and breath-alcohol readings are equivalents. Although this scientific fact is no longer set forth in the Ohio Administrative Code, it is nonetheless incontestable.

Thus, in the present case, the amendment from a charge of prohibited blood alcohol to prohibited breath alcohol was an amendment permitted by Crim. R. 7. The evidence supports the indictment as amended.

I would affirm the judgment.