The STATE of Ohio, Appellee,

v.

CAMPBELL, Appellant.

[Cite as *State v. Campbell,* 150 Ohio App.3d 90, 2002-Ohio-6064.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010727.

Decided Nov. 8, 2002.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

Richard D. Feil III, for appellant.

DOAN, Presiding Judge.

{¶ 1} Following an automobile accident, defendant-appellant, Christopher Campbell, was arrested for driving under the influence of alcohol. The traffic ticket charged him with violating R.C. 4511.19(A)(5), which prohibits driving with a concentration of seventeen-hundredths of one percent or more by weight of alcohol in the blood. The ticket also indicated, however, that Campbell had taken a breath test, with a result of .203.

{¶ 2} Subsequently, the state moved to amend the charge from a violation of R.C. 4511.19(A)(5) to a violation of R.C. 4511.19(A)(6), which prohibits driving with a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath. The trial court allowed the amendment over Campbell's objection. Pursuant to a plea bargain, he subsequently pleaded no contest to the amended charge, and the court found him guilty. The state dropped two other charges against him. The court pronounced sentence, and this appeal followed.

{¶ 3} Campbell presents three assignments of error for review, which we will address out of order. His second assignment of error presents the most important issue and we, therefore, discuss it first. In that assignment of error, he states that the trial court erred by allowing the state to amend the charge

from a violation of R.C. 4511.19(A)(5) to a violation of R.C. 4511.19(A)(6). He contends that the amendment violated the provisions of Crim.R 7(D) because it changed the name and identity of the offense. This assignment of error is not well taken.

{¶ 4} Crim.R. 7(D) provides that "[t]he court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." In *State v. Walz* (Nov. 7, 1984), 1st Dist. No. C–840174, 1984 WL 7053, this court held that where a citation generally alleges a violation of R.C. 4511.19 without specifying a section number, "a court does not violate Crim. R. 7(D) or otherwise err in allowing a pretrial amendment of the complaint so that it specifies a violation of R.C. 4511.19(A)(3) because such amendment does not change either the name or the identity of the crime charged." However, neither this court nor the Ohio Supreme Court has specifically addressed the issue of whether amendment of a charging instrument from one subsection of R.C. 4511.19 to another changes the name or identity of the crime charged.

{¶ 5} Other appellate courts in this state have ruled both ways. Some courts have held that because the Ohio Supreme Court has stated that the various subsections of R.C. 4511.19 charge separate offenses, amending the charge from one subsection to another changes the name and identity of the offense. See *State v. Marinik* (1989), 57 Ohio App.3d 110, 111–112, 567 N.E.2d 310. Others have stated that the charged offense is driving under the influence of alcohol in violation of R.C. 4511.19 generally. Therefore, amending the complaint from one subsection of R.C. 4511.19 to another does not change the name or identity of the offense, and an amendment is permissible as long as the defendant is not prejudiced. See *State v. Bosier* (July 24, 2000), 12th Dist. No. CA99–11–036, 2000 WL 1050976; *State v. Mac Pherson* (Sept. 20, 1985), 2d Dist. No. 9180, 1985 WL 9618; *Newark v. Belt* (Sept. 18, 1984), 5th Dist. No. CA–3034, 1984 WL 3881. We agree with the latter line of cases.

{¶ 6} Generally, courts cannot amend felony indictments to cure fatal omissions, since the Ohio Constitution requires that a grand jury issue them. However, law enforcement officers can issue misdemeanor complaints without the involvement of a grand jury. Consequently, courts may allow amendments of misdemeanor complaints if the defendant still has a reasonable opportunity to prepare a defense and the amendments simply clarify or amplify in a manner consistent with the original complaint. *State v. Jackson* (1992), 78 Ohio App.3d 479, 482, 605 N.E.2d 426; *Cleveland Hts. v. Perryman* (1983), 8 Ohio App.3d 443, 445–446, 8 OBR 567, 457 N.E.2d 926; *Mac Pherson,* supra.

{¶ 7}   Courts should allow liberal amendment of traffic tickets, in particular, because they are typically prepared by law enforcement officers who lack formal legal training and because they are intended to provide a less formal means for the efficient disposition of traffic offenses. Traffic tickets are legally sufficient if they describe the nature of the offense and refer to the statute or ordinance allegedly violated even though the description fails to allege all of the essential elements of the offense charged. *Perryman*, 8 Ohio App.3d at 446, 8 OBR 567, 457 N.E.2d 926; *Cleveland v. Austin* (1978), 55 Ohio App.2d 215, 218–220, 9 O.O.3d 368, 380 N.E.2d 1357; *Logan v. Quillen* (Oct. 27, 1995), 4th Dist. No. 94CA26, 1995 WL 637059, abrogated on other grounds in *State v. York* (Mar. 28, 2002), 3d Dist. No. 13–01–19, 2002 WL 468583; *Mac Pherson*, supra.

{¶ 8}   In *Mac Pherson*, supra, the court allowed an amendment from former R.C. 4511.19(A)(1), which prohibited driving while under the influence of alcohol, to former R.C. 4511.19(A)(2), which prohibited driving with a certain blood-alcohol concentration. It held that "as long as a defendant has reasonable notice that he must defend against a charged violation of R.C. 4511.19 at the time he is issued a citation, there is no prejudice to him in amending the complaint based upon subsequent chemical analyses where he has notice of the amendment and ample time to prepare his defense based upon the amended charge."

{¶ 9}   It reasoned that the defendant was charged with a general violation of driving while under the influence of alcohol. The original traffic ticket was not ambiguous, in that it apprised him of the nature of the charge against him with a citation to the statute violated. Further, the defendant had ample time after the amendment in which to "prepare and defend against the complaint as amended."

{¶ 10}   The court went on to observe, "We note that were amendments to traffic complaints never permitted following the prosecution's receipt of blood, breath or urine test results indicating alcohol content in .10 or greater, the viability of R.C. 4511.19(A)(2)(3) and (4) would be seriously impaired. Typically, a police officer will cite a general violation of R.C. 4511.19 at the scene based upon the individual's demeanor and other circumstances which the officer observes first-hand. The prosecution may not receive chemical test results for several days if not weeks."

{¶ 11}   Similarly, in *Bosier*, supra, the court allowed an amendment from a violation of former R.C. 4511.19(A)(1), driving under the influence of alcohol, to a violation of former R.C. 4511.19(A)(3), driving with a prohibited breath-alcohol content. It stated, "Appellant argues that changing the indictment from a violation of R.C. 4511.19(A)(1) to (A)(3) changed the nature and identity of the crime he was charged with. We disagree. Although four separate offenses were created in R.C. 4511.19, the general offense remains the same. The specific

provisions which detail prohibited levels of alcohol to breath, blood and urine define the level of alcohol the legislature has determined creates a risk of harm."

{¶ 12} "The purpose of a charging instrument, be it an indictment, information or complaint, is to inform the accused that a charge has been lodged against him and to provide him with an indication of the nature of that charge. * * * Appellant was charged with 'driving under the influence.' The subsections above define four ways to establish a DUI violation. Appellant was aware that he was charged with driving under the influence and was aware of the nature of the charge against him. The general offense with which he was charged remained the same. The conduct which led to the offenses, consumption of alcohol and operating a motor vehicle, remained the same."

{¶ 13} The court went on to note that the appellant in that case was not prejudiced by the amendment. He filed a motion to suppress the evidence of breath testing, and he had full opportunity to challenge the accuracy of the test. Further, the trial court also offered him the opportunity for a continuance after allowing the amendment.

{¶ 14} We agree with the reasoning of the courts in *Mac Pherson* and *Bosier*, which is a logical extension of our holding in *Walz*. The ticket in this case charged Campbell generally with a violation of R.C. 4511.19. It informed him of the nature of the offense and referred to the statute he had allegedly violated. Consequently, the amendment of the citation from one subsection to another of R.C. 4511.19 did not change the name or identity of the offense.

{¶ 15} Further, though it cited the wrong subsection, the citation did indicate that he had taken a breath test and the result of that test. Though he objected to the amendment, Campbell was aware that he had taken a breath test, and he had ample time to prepare his defense. Ultimately, he agreed to a plea bargain that allowed two other charges against him to be dismissed. Under the circumstances, he was not prejudiced by the amendment.

{¶ 16} Accordingly, we hold that the trial court did not err in amending the citation from a violation of R.C. 4511.19(A)(5) to a violation of R.C. 4511.19(A)(6). We overrule Campbell's second assignment of error.

{¶ 17} In his first assignment of error, Campbell states that the trial court erred in amending the citation because he was not personally served with a copy of the amended citation as required by Traf.R. 3(E). He contends that the amendment was made orally and that he was never served with a charging instrument alleging a violation of R.C. 4511.19(A)(6). This assignment of error is not well taken.

{¶ 18}   Traf.R. 3(E) provides that "[a] law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket upon defendant, and, without unnecessary delay, file the court copy with the court."   This rule does require personal service upon the defendant, as Campbell argues.   *Akron v. Detweiler* (M.C.1978), 54 Ohio Misc. 5, 6, 8 O.O.3d 216, 375 N.E.2d 824.

{¶ 19}   However, the basic purpose of written notice is to apprise defendants of the charges against them.   *State v. Jetter* (May 22, 1985), 1st Dist. No. C–840568, 1985 WL 6798.   This court has held that the trial court did not err in failing to dismiss a charge pursuant to R.C. 4511.19 for failure of personal service on the defendant even though the ticket did not cite the Revised Code section at all.   We stated, "We do not feel that strict technical compliance with the rule is necessary where * * * the alleged offender was adequately advised of the traffic violation with which he was charged."

{¶ 20}   In this case, the police officer investigating the automobile accident personally served the ticket on Campbell at the scene.   Even though it cited the wrong section of the Revised Code, it stated that Campbell had taken a breath test and that he was charged with driving under the influence of alcohol.   Consequently, Campbell was adequately advised of the offense with which he was charged.   We hold that the amendment to the ticket, which did not change the nature or identity of the offense, did not require that the amended ticket be served on Campbell, who had received adequate notice of the charges.   Accordingly, we overrule his first assignment of error.

{¶ 21}   In his third assignment of error, Campbell states that the amendment of the charge violated his right to a speedy trial.   He contends that the amendment occurred beyond the ninety-day period in which he should have been tried for a first-degree misdemeanor pursuant to R.C. 2945.71(B)(2).   This assignment of error is not well taken.

{¶ 22}   We first note that we reject the state's argument that Campbell has waived the issue because he failed to raise it below.   The state has a mandatory duty to comply with the speedy-trial statutes.   *State v. Singer* (1977), 50 Ohio St.2d 103, 105–106, 4 O.O.3d 237, 362 N.E.2d 1216; *State v. Hirsch* (1998), 129 Ohio App.3d 294, 316, 717 N.E.2d 789.   The Ohio Supreme Court has held that the accused's failure to object to a trial date outside the ninety-day time limit does not amount to acquiescence in that date and does not extend the time within which the accused must be brought to trial.   *Singer*, supra, at syllabus; *State v. Cutcher* (1978), 56 Ohio St.2d 383, 10 O.O.3d 502, 384 N.E.2d 275, syllabus; *Hirsch*, supra, at 316, 717 N.E.2d 789.

{¶ 23} We find little case law on the issue of how an amendment of the complaint affects the speedy-trial computations. Campbell relies on *State v. Adams* (1989), 43 Ohio St.3d 67, 68–69, 538 N.E.2d 1025, in which the Ohio Supreme Court held that when new and additional charges arise from the same facts as the original charge and the state knew of those facts at the time of the initial indictment, the time within which trial must begin on the additional charges is subject to the same statutory limitations period that applied to the original charge. Further, the accused's waiver of his or her speedy-trial rights as to the initial charge is not applicable to additional charges filed after the waiver arising from the same set of circumstances. Id. at syllabus. This court followed *Adams* in *State v. Cooney* (1997), 124 Ohio App.3d 570, 571–572, 706 N.E.2d 854.

{¶ 24} *Adams* and *Cooney* are distinguishable from the present case. We agree with the reasoning of the court in *State v. Butt* (Aug. 29, 1997), 2d Dist. No. 16215, 1997 WL 568013. It stated that a distinction exists between an additional charge based on the same facts and circumstances as the original charge and an amendment to the existing charge. An additional charge creates an additional burden on the defendant's liberty interests. Therefore, the speedy-trial requirements applicable to the additional charge must commence with the defendant's arrest, and the waivers and extensions chargeable to the defendant with respect to the original charge cannot apply to the additional charge. However, an amendment that does not change the name or identity of the offense creates no additional burden to liberty. Therefore, the speedy-trial waivers and extensions applicable to the original charge apply as well to the amended charge.

{¶ 25} In this case, a continuance requested by Campbell and a reasonable continuance due to the absence of the arresting officer tolled the time in which the state had to bring Campbell to trial. R.C. 2945.72(G); *State v. Saffell* (1988), 35 Ohio St.3d 90, 91–92, 518 N.E.2d 934; *Hirsch,* supra, 129 Ohio App.3d at 317, 717 N.E.2d 789; *State v. Engel* (Sept. 29, 1995), 1st Dist.App. Nos. C–950109, C–950110 and C–950111, 1995 WL 577421. In view of the time in which the speedy-trial period was tolled, the case was set for trial within the ninety-day limit. Campbell entered his plea and was convicted on that day, and, therefore, his right to a speedy trial was not violated. Accordingly, we overrule his third assignment of error and affirm his conviction.

Judgment affirmed.

GORMAN and SUNDERMANN, JJ., concur.