ACCELERATED JOURNAL ENTRY and OPINION.
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Plaintiff-appellant City of Cleveland (City) appeals the trial court's dismissal of the charge against defendant-appellee Orlando Robinson based on speedy trial grounds. We find merit to the appeal and reverse and remand for further proceedings.
 {¶ 3} On February 19, 2002, Robinson was charged with resisting arrest pursuant to Cleveland Codified Ordinance 615.08, a second degree misdemeanor. The charge arose out of Robinson's alleged physical interference with the arrest of his brother during a traffic stop.
 {¶ 4} Pursuant to R.C. 2945.71(B)(2), a person charged with a second degree misdemeanor must be brought to trial within ninety days after his arrest. Robinson, who was represented by counsel, waived his right to a speedy trial. The matter was set for trial several times, but due to scheduling conflicts or failure of witnesses to appear, the matter was continued several times.
 {¶ 5} On August 9, 2002, the matter was ready for trial to commence. The City moved pursuant to Crim.R. 7(D), to amend the resisting arrest charge to a minor misdemeanor charge of prohibition against resisting an officer, a violation of R.C. 4513.36. The trial court granted the motion despite the objection of Robinson's counsel. Robinson's counsel objected to the amendment because Robinson would not be entitled to a jury trial once the charge was amended to a minor misdemeanor.
 {¶ 6} After the trial court allowed the amendment, Robinson's counsel argued that Robinson's waiver of his speedy trial rights did not apply to the amended charge. The trial court entertained arguments on the issue and then granted Robinson's motion to dismiss the charge.
 {¶ 7} In its sole assignment of error on appeal, the City argues that the trial court erred by dismissing the charge against Robinson on speedy trial grounds. We agree.
 {¶ 8} The trial court merely amended the original charge; it did not create an additional charge. As the court held in State v. Butt
(Aug. 29, 1997), 2nd Dist. App. No. 16215:
 {¶ 9} "An additional charge creates an additional burden, or potential burden, on a defendant's liberty interests. Therefore, the speedy trial requirements applicable to an additional charge must commence with the defendant's arrest, and the waivers and extensions chargeable to the defendant with respect to the original charge cannot apply to the additional charge. However, because an amended charge creates no additional liberty burden, so long as the amendment is consistent with Crim.R. 7(D), the speedy trial time waivers and extensions applicable to the original charge apply as well to the amended charge." See, also,State v. Campbell, 150 Ohio App.3d 90, 2002-Ohio-6064.
 {¶ 10} Because the original charge was merely amended, consistent with Crim.R. 7(D), Robinson's waiver of his right to a speedy trial applied to the amendment.
 {¶ 11} Accordingly, the City's sole assignment of error is sustained.
Judgment reversed and the cause remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
MICHAEL J. CORRIGAN, P.J. and ANN DYKE, J. CONCUR