[Cite as *State v. Huelsman*, 2012-Ohio-2104.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                        :         C.A. CASE NO.    2011 CA 20

v.                                               :         T.C. NO.    11TRC3208

PAUL D. HUELSMAN                                 :           (Criminal appeal from
                                                             Municipal Court)

      Defendant-Appellant                       :

                                                 :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the _____11th_____ day of _____May_____, 2012.

· · · · · · · · · ·

BRANDON A. COATE, Atty. Reg. No. 0081701, Assistant Municipal Prosecutor, Miami County Municipal Court, 201 West Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

PAUL D. HUELSMAN, 6676 Bejay Drive, Tipp City, Ohio 45371
      Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}  Paul D. Huelsman appeals from his conviction for driving while under the influence of alcohol or drugs.

{¶ 2}     At approximately 2:30 a.m. on May 1, 2011, Officer Nick Freisthler of the Troy Police Department observed a beige pick-up truck weaving within its lane.  As the officer followed the truck, the driver, who was later identified as Huelsman, activated the left turn signal for an extended period of time and then made an abrupt turn.  The officer decided to initiate a traffic stop.

{¶ 3}     Freisthler approached from the driver's side and made contact with Huelsman and a passenger.  The officer noticed that Huelsman's eyes were watery and bloodshot.  Both Huelsman and the passenger were smoking extremely large cigars.  Friesthler asked Huelsman for his driver's license.  Although his wallet was in his hands, it took Huelsman more than a minute to retrieve his license.  Huelsman's speech was "extremely slurred" as he spoke with the officer.  Freisthler believed that Huelsman may have been under the influence of alcohol, and he asked Huelsman to exit the vehicle to perform field sobriety tests.  Huelsman stumbled as he exited his vehicle.

{¶ 4}     Officer Freisthler had Huelsman stand on the sidewallk next to the road, and he administered the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test using the standards set by the National Highway Traffic and Safety Administration.  He detected five out of the six possible clues of intoxication during the nystagmus test, three clues on the walk and turn test, and two out of three clues for the one leg test.  Officer Freisthler detected a strong odor of an alcoholic beverage on Huelsman as he conducted the tests.  After the tests, the officer believed that Huelsman was under the influence of alcohol, and he placed him under arrest for driving under the influence, in violation of R.C. 4511.19(A)(1)(a).  Huelsman was also charged with failure to

control/weaving, in violation of Troy City Ordinance 331.34B.

{¶ 5} Huelsman filed several pretrial motions, including a demand for a bill of particulars, a request for discovery, and a motion to dismiss for failure to produce a bill of particulars. After the State responded that it had provided Huelsman with a bill of particulars, the trial court overruled the motion to dismiss. Huelsman also moved to dismiss the charges on the ground that the State "has failed to produce a *corpus delicti* and without an injured party there is no crime." The trial court summarily overruled that motion.

{¶ 6} The charges were tried to the court, and Huelsman elected to represent himself at trial. Officer Freisthler testified on behalf of the State; Huelsman testified on his own behalf. Huelsman testified that he was not read his *Miranda* rights and asserted that the State failed to identify an injured party. After the considering the evidence, the trial court found Huelsman guilty of driving under the influence of alcohol[1]. Huelsman was acquitted of the weaving charge.

{¶ 7} Huelsman appeals from his conviction for driving under the influence, raising two assignments of error. They state:

The Miami County Municipal Court erred in interpreting Article I

§ 10 of the Ohio Constitution in refusing Appellant['s] request for a Bill of

---

[1] The court's decision and entry finding Huelsman guilty of operating a vehicle under the influence of drugs or alcohol incorrectly states that Huelsman was charged with violating R.C. 4511.19(A)(2); the court's subsequent sentencing entry also cites to that statute. R.C. 4511.19(A)(1)(a) differs from R.C. 4511.19(A)(2) in that R.C. 4511.19(A)(2) has as additional elements that the defendant refused the chemical test and had a prior conviction within twenty years. Huelsman was charged with R.C. 4511.19(A)(1)(a), and the State pursued that charge at trial. It therefore appears that the trial court's references to R.C. 4511.19(A)(2) were typographical errors, which the court should correct upon remand.

Particulars.

> The Miami County Municipal Court erred in interpreting O.R.C. 4501
> Definition of "Person" and its interpretation who a "Person" is as the O.R.C.
> applies to The People of Ohio.

In his issues presented for review, Huelsman raises two additional arguments, namely that the arresting officers lacked probable cause and failed to advise him of his *Miranda* rights and that the charging document is unconstitutional. Huelsman's brief appears to raise other claims, including that his conviction was based on insufficient evidence and/or was against the manifest weight of the evidence.

{¶ 8} Huelsman claims that the trial court erred in "refusing [his] request for a Bill of Particulars." We construe his argument to be that the trial court should have granted his first motion to dismiss, which argued that the State had not timely responded to his request for a bill of particulars. Huelsman argues that the trial court's decision violates Article 1, Section 10 of the Ohio Constitution. Huelsman further argues that the charging document was unconstitutional because it failed to set forth the essential elements of the offense. We construe this argument to be, in part, that the trial court erred in denying his amended motion to dismiss.

{¶ 9} Article 1, Section 10 of the Ohio Constitution sets forth rights of a criminal defendant. It reads, in relevant part:

> * * * In any trial, in any court, the party accused shall be allowed to appear
> and defend in person and with counsel; *to demand the nature and cause of*
> *the accusation against him, and to have a copy thereof*; to meet the witnesses

face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. * * *   (Emphasis added.)

**{¶ 10}** Depending on the offense involved, a person may be charged with an offense by way of complaint, information, or indictment. In traffic cases, including those cases involving violations of R.C. 4511.19(A), the traffic ticket is the charging complaint and summons. See Traf.R. 2(B), 3. "Traffic tickets are legally sufficient if they describe the nature of the offense and refer to the statute or ordinance allegedly violated even though the description fails to allege all of the essential elements of the offense charged." *State v. Campbell*, 150 Ohio App.3d 90, 2002-Ohio-6064, 779 N.E.2d 811, ¶ 7, (1st Dist). *See also Greenville v. Fortkamp*, 2d Dist. Darke No. 97-CA-91449, 1998 WL 401175 (May 15, 1998). "The purpose of a traffic complaint, 'like a felony indictment, is * * * to inform a defendant of the charge against which he must defend.'" (Citations omitted.) *State v. McFeely*, 11th Dist. Ashtabula No. 2008-A-67, 2009-Ohio-1436, ¶ 26.

**{¶ 11}** Huelsman was charged by means of a traffic ticket, which was filed with the court on May 2, 2011. The traffic ticket indicated that Huelsman was being charged

with operating a vehicle under the influence of drugs or alcohol, in violation of R.C. 4511.19(A)(1)(a), and weaving, in violation of Troy City Ordinance 331.34(B). The traffic ticket was legally sufficient to charge Huelsman with those violations. Accordingly, the trial court did not err in denying Huelsman's amended motion to dismiss the indictment.

{¶ 12} Huelsman tried to make additional challenges to the ticket at trial, and the prosecutor objected to those challenges. The trial court correctly sustained those objections on the ground that defenses and objections based on defects in the complaint must be raised by motion prior to trial. Crim.R. 12(C)(2).

{¶ 13} Under Crim.R. 7(E), a defendant may make a written request for the prosecutor to furnish a bill of particulars setting forth the specific nature of the charged offense and the conduct alleged to constitute the offense. "The purpose of a bill of particulars is to inform the accused of the exact nature of the charges against him so that he has an adequate opportunity to prepare a defense." *State v. Andriacco*, 2d Dist. Miami No. 05CA3, 2005-Ohio-5572, ¶ 30, citing *State v. Fowler*, 174 Ohio St. 362, 189 N.E.2d 133 (1963).

> A bill of particulars need not set forth each piece of evidence the prosecution intends to produce at trial to prove the essential elements of the crime charged. Neither should it be used to force the prosecution to succinctly present the theories upon which it might proceed. Rather, a bill of particulars clarifies an indictment [or other charging document] that is sufficient as a matter of law, but insufficient for adequate preparation of the defense.

(Citations omitted.)  *State v. DeArmond*, 2d Dist. Clark No. CA2510, 1989 WL 113130, *3 (Sept. 22, 1989).  Crim.R. 7(E) requires that motions for a bill of particulars be filed within 21 days of the accused's arraignment, but no later than seven days before trial.

{¶ 14}    Huelsman was arraigned on May 3, 2011.  He did not file his request for a bill of particulars until June 1, 2011, more than 21 days after his arraignment.  However, even if Huelsman's request were considered timely, Huelsman has not demonstrated that he was prejudiced in his ability to defend himself at trial.  The State provided Huelsman with a bill of particulars on June 28, 2011, three weeks before the trial.  Moreover, the complaint filed with the court on May 2 identified the location and time of the traffic stop, the road and weather conditions at the time of the stop, the vehicle that was stopped, the statutory provisions under which Huelsman was charged, and the general behavior leading to the charges.  There is no suggestion that Huelsman did not understand the nature of the charges, causing him to be unable to prepare an adequate defense.  Accordingly, under the facts of this case, the trial court did not err in denying Huelsman's motion to dismiss based on the State's alleged failure to timely respond to his request for a bill of particulars.

{¶ 15}    Huelsman next raises that his constitutional rights were violated because the arresting officer lacked probable cause to arrest him and failed to advise him of his *Miranda* rights.  Under Crim.R. 12(C), Huelsman was required to file a motion to suppress, prior to trial, in order to challenge the lawfulness of his arrest and to challenge the State's use of any of statements that he may have made.  Huelsman failed to file such a motion.  Accordingly, Huelsman waived any argument that his arrest was not based on probable cause and that he was not informed of his *Miranda* rights.  We note, parenthetically, that the

State did not rely on any statements by Huelsman in its case against him at trial; accordingly, any failure by the officer to advise Huelsman of his *Miranda* rights was harmless beyond a reasonable doubt.

{¶ 16} Huelsman further claims that the definition of "person" under R.C. 4511.01 does not apply to him. R.C. 4511.01(W) defines "person" as "every natural person, firm, co-partnership, association, or corporation." R.C. 4511.19(A)(1)(a) provides that "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Huelsman is a natural person, who is subject to R.C. 4511.19. We disagree with his contention that "person" means "the People of Ohio."

{¶ 17} Huelsman suggests in his brief that the trial court did not find him guilty beyond a reasonable doubt. Nothing in the trial court's decision suggests that the trial court failed to use the correct legal standard in Huelsman's criminal case. To the contrary, the trial court's decision found that the State had "proved the essential elements of the OVI charge beyond a reasonable doubt."

{¶ 18} Huelsman asserts that "[p]roving the failure of a field 'sobriety test' alone does not irrefutably lead to a conclusion of driving impaired and a causal relationship between them." He emphasizes that individuals differ in their talents and abilities when sober, and thus he claims that his alleged failure to successfully complete the field sobriety tests did not establish that he was driving under the influence of alcohol or drugs. We construe Huelsman's argument to be that his conviction was based on insufficient evidence and/or was against the manifest weight of the evidence.

{¶ 19} An argument based on the sufficiency of the evidence challenges whether the State presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1999). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 20} In contrast, when reviewing a judgment under a manifest weight standard of review, the court "'review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 21} Officer Freisthler testified to several behaviors from which the trial court could have reasonably concluded that Hueslman was driving while intoxicated. When the officer first observed Hueslman driving, he noticed Huelsman's vehicle was weaving within its lane, the turn signal was activated for an extended period of time, and Huelsman made an abrupt left turn. When Freisthler approached Huelsman and asked for his driver's license, it took Huelsman more than one minute to retrieve his license, even though he had his wallet

in his hand at the time. Huelsman's eyes were bloodshot and watery, and his speech was "extremely slurred." Officer Freisthler testified that Huelsman "stumbled a bit as he was exiting the car." While conducting the field sobriety tests, the officer detected a "strong odor of alcohol."

{¶ 22} The officer further testified that he observed several positive indicators of intoxication while conducting the three field sobriety tests. While conducting the horizontal gaze nystagmus test, the officer detected a lack of smooth pursuit and distinct nystagmus at maximum deviation in both eyes and then onset of nystagmus prior to 45 degrees in Huelsman's left eye. Huelsman began the walk and turn test with the wrong foot, and the officer had to explain the test a couple of times so that Huelsman understood. Huelsman began the test before he was told to do so, and during the test he lost his balance, missed the line, missed touching heel to toe, and made an improper turn. The officer also explained the one leg stand test several times. When Huelsman began that test, he placed his foot down several times, and then started the test over again. On the second try, Huelsman placed his foot down on count two. Officer Freisthler testified that he substantially complied with the NHTSA standards while conducting the tests, and there was no evidence to the contrary.

{¶ 23} In light of Officer's Freisthler's testimony and the results of the field sobriety tests, there was sufficient evidence for the trial court to find beyond a reasonable doubt that Huelsman had operated a vehicle while under the influence of alcohol, and the evidence does not weigh heavily against the OVI conviction.

{¶ 24} Huelsman states that there was no "corpus delicti" and, therefore, he cannot

be convicted of OVI. He appears to interpret "corpus delicti" to mean that the offense must be committed against a particular person, i.e., a victim. The corpus delicti of an offense consists of the act and the criminal agency of the act. *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), overruled on other grounds, 438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155 (1978). Under the corpus delicti rule, prosecutors must present some evidence that a crime has, in fact, been committed before an accused's confession to an offense may be admitted at trial. *State v. Barker*, 191 Ohio App.3d 293, 2010-Ohio-5744, 945 N.E.2d 1107, ¶ 9-10 (2d Dist.).

**{¶ 25}** Here, the State presented evidence that Huelsman operated his pick-up truck while under the influence of alcohol, conduct which is prohibited by R.C. 4511.19(A)(1)(a). The State's evidence satisfied the corpus delicti of the offense, and was sufficient to find him guilty of violating R.C. 4511.19(A)(1)(a) beyond a reasonable doubt.

**{¶ 26}** Huelsman's assignments of error are overruled.

**{¶ 27}** The trial court's judgment will be affirmed. The matter is remanded to the trial court for the sole purpose of correcting its August 9, 2011 decision and entry and its September 16, 2011 judgment entry to reflect that Huelsman was charged with violating R.C. 4511.19(A)(1)(a).

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Brandon A. Coate
Paul D. Huelsman
Hon. Mel Kemmer